EASTMAN *v.* RAMSEY.

If *A.*, for a good consideration, promises *B.* to pay him a debt due from *C.* to *B.*, the remedy for a breach of the undertaking is at law and not in chancery.

May Term, 1852.

EASTMAN
v.
RAMSEY.

Thursday, June 3.

If *A.*, in consideration of property conveyed to him by *C.*, promises *C.* to pay a debt due by *C.* to *B.*, *B.* cannot sue for a breach of the promise.

A Court of equity will not render a decree setting aside a conveyance of land made to hinder and delay creditors, where the bill does not pray for such decree.

APPEAL from the *Jennings* Circuit Court.

PERKINS, J.—Bill in chancery by *Abner C. Ramsey* against *Buell Eastman.* Answer, replication, proofs, and decree for the plaintiff.

The facts are, substantially, That one *Lorain Childs* was indebted to said plaintiff, *Ramsey*, in the sum of 174 dollars; and, to secure the payment of it, agreed to procure and deliver to him the note of *Buell Eastman*, payable to said *Childs* and indorsed by him, for said amount; that *Childs* did procure said note and deposited it with one *John P. Ramsey*, to be by him delivered to said *Abner C. Ramsey*, the plaintiff; that said note was offered to said *Abner C.* and by him refused, whereupon it was taken back by *Childs* and returned to *Eastman*, by whom it was destroyed; that, after this, *Childs* died insolvent without having paid said debt to *Abner C. Ramsey*, and one *John Ramsey* became the administrator upon his estate; that *Eastman* received conveyances of property from *Childs*, and said he would pay the latter's debts. *Childs's* administrator is not made a party. *Abner C. Ramsey* seeks, by this suit, to make *Eastman* pay this debt of *Childs* to said *Ramsey;* and there was a decree to that effect below.

We do not see how the decree can be sustained.

If *Eastman* promised *Ramsey*, for a good consideration, to pay to him this debt of *Childs*, said *Ramsey's* remedy upon that promise is by an action at law. Chancery has no jurisdiction.

If *Eastman* had not so promised *Ramsey*, but, in consideration of property conveyed to him, had promised *Childs* that he would pay his debt to *Ramsey*, then the remedy is not by a suit at law or in chancery by *Ramsey* against *Eastman;* but the administrator of *Childs* must sue for a breach of that promise, and *Ramsey* must look to the estate of *Childs* for satisfaction of his demand.

If, according to another view of the case, the property of *Childs* was conveyed to *Eastman* as a trustee for the payment of the former's debts, then, indeed, equity might take cognizance of the case, and the plaintiff might, perhaps, under some circumstances, had he joined the administrator of *Childs* as a party, have obtained a decree for a proportional or full payment of his claim, according as the terms of the trust and amount of property might have justified; and, could he have shown a waste of the trust estate, perhaps, though we decide nothing as to all this, he might have obtained a personal decree for his demand against the trustee. But, in this case, if any property was conveyed in trust, the evidence shows it to have been subject to incumbrances which swept it away, leaving nothing out of which the trustee could realize any amount.

If the property was fraudulently conveyed to *Eastman*, as is also suggested, to hinder and delay the creditors of *Childs*, then the conveyance was liable to be set aside, but a decree to that effect was not desired.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*H. C. Newcomb*, for the appellant.

*J. G. Marshall*, for the appellee.