CROSS v. TRUESDALE.

CONTRACT.—PARTIES.—A, as administrator of an intestate, brought suit against B to recover certain personal property alleged to belong to the intestate. Pending the suit, a compromise was effected, by which B agreed in writing, in consideration of the dismissal of the suit and the relinquishment by A of all claim to the property, that he would pay all

valid claims against the estate. A thereupon dismissed the suit and resigned the administration. Suit by C upon the agreement, alleging that he held a valid claim against the estate, &c.

*Held,* that C might maintain an action upon the agreement.

AMENDMENT.—DEMURRER.—When, after a demurrer is sustained to a paragraph of a pleading, the paragraph is amended and refiled, error cannot be assigned upon the action of the court upon the demurrer.

APPEAL from the *Switzerland* Common Pleas.

FRAZER, J.—*Truesdale* sued *Cross*, alleging in her complaint that one *Kinney*, administrator of *Nancy Truesdale*, deceased, had instituted against the defendant and others a suit in replevin to recover certain personal property alleged to belong to the intestate; that while said suit was pending, to compromise it, and to prevent the necessity of further administration, it was agreed in writing between the administrator and the defendant, that the former should dismiss the replevin suit and relinquish his claim as such to the property in controversy, resign his trust as administrator, &c., and that the defendant should pay all valid claims against the estate of the intestate; that the administrator did resign, and fully performed his agreement; that the intestate was indebted to the plaintiff in the sum of five hundred dollars, upon account, which the defendant fails and refuses to pay. A copy of the written contract, being in effect as alleged, except that it does not stipulate for the administrator's resignation, was annexed to the complaint. A demurrer to the complaint was overruled, and error is assigned upon that ruling.

It is insisted that no one but *Kinney*, the administrator, could sue upon the contract, and that a creditor of the intestate cannot maintain such a suit, not being a party to the agreement, and *Eastman* v. *Ramsey*, 3 Ind. 419, is cited. But that case, if intended to declare so broad a doctrine, is entirely in opposition to the later case of *Bird* v. *Lanius*, 7 *id.* 615, which was followed in *Day* v. *Patterson*, 18 *id.* 114; and in *Devol* v. *McIntosh*, 23 *id.* 529, in which the question was treated without attention being called to *Bird* v. *Lanius*

and *Day* v. *Patterson*, we held in substantial accord with those cases. The question must, we think, now be regarded as settled in this court against the appellant. In equity, such a suit was always maintainable under the facts disclosed in this complaint, there being no administrator of the deceased debtor against whom the creditor could proceed. There were also other circumstances where the person to whom payment was to be made, by the terms of a contract to which the latter was not privy, might enforce the promise in equity, but it is not necessary now to enumerate them.

It is also argued that the contract contemplated the payment of only such claims against the estate as had been or should be properly allowed in the course of administration. Plainly, its language is not susceptible of that construction. There was no final settlement of the estate, but only a resignation of the administrator.

Error is assigned upon the action of the court below in sustaining a demurrer to the fourth paragraph of the answer. This question cannot be made here, for the reason that that paragraph was afterwards amended, and issues of fact formed thereon and tried. Indeed, we cannot notice the original paragraph, it not being properly in the record. It was superseded by the amended paragraph, which embraced the same matter with additional averments, and by the plain terms of the statute the original should have been omitted from the transcript, there being no bill of exceptions or order of court to embrace it. 2 G. & H., § 559, p. 273.

The judgment is affirmed, with ten per cent. damages and costs.

*A. C. Downey*, for appellant.

*F.* and *W. H. Adkinson*, for appellee.