Burnside *v.* Ennis.

## BURNSIDE *v.* ENNIS.

| 43 | 411 |
| 141 | 375 |
| 43 | 411 |
| 146 | 228 |

COURT.—*Power over Record.*—Courts have full and complete control of the record of their proceedings during the entire term at which such proceedings have been had; and during such term the court may for good cause correct, modify, or vacate any of its judgments; and where the record does not disclose upon what ground the court acted in correcting, modifying, or vacating a judgment, the Supreme Court will presume that it was done for a good and valid reason.

SAME.—*Jurisdiction.*—When parties are once rightfully in court, the court has jurisdiction over them, and that jurisdiction continues, without further notice, as long as any steps can be rightfully taken in the cause.

PRACTICE.—While a motion for a new trial is pending, it is error to call the cause for trial and dismiss it for want of prosecution.

From the Morgan Circuit Court.

*S. P. Oyler* and *D. Howe,* for appellant.

*S. Claypool* and *F. P. A. Phelps,* for appellee.

WORDEN, J.—This was an action by the appellant against the appellee, upon a promissory note executed by the defendant to the plaintiff. Issues were made up, and the cause was submitted to the court for trial, resulting in a finding for the plaintiff. The defendant moved for a new trial. On the 8th day of the August term, 1871, of the court, the motion for a new trial was overruled, and exception, and judgment was entered on the finding, sixty days being given to file a bill of exceptions. The defendant prayed an appeal to the Supreme Court, which was granted.

On the 16th day of the same term, the following entry was made in the cause:

" Comes the defendant by his attorney, and on motion it is ordered that the order overruling the motion for new trial and the judgment heretofore taken at the present term of this court be set aside and held for naught. And this cause is continued on motion for a new trial."

At the August term, 1872, of the court, the plaintiff, on affidavit filed, moved the court " to expunge from the records of the court all the entries in this cause, * * * subsequent to the judgment herein, heretofore rendered." The

affidavit, as we understand it, shows that the entry of the judgment on the order book had been duly signed by the judge of the court at the time it was ordered to be set aside; that on the next day after the judgment was rendered, the attorneys of the plaintiff went to their homes in Johnson county and did not return to the court at that term, nor did they learn the action in setting aside the orders that had been made until after the close of the term, nor was the plaintiff present, nor had he any knowledge thereof until after the close of the term.

This motion of the plaintiff was overruled, and he excepted. Thereupon the cause was called for trial, and the plaintiff, in the language of the record, " electing to abide by the former finding and judgment," the cause was dismissed by the court for the want of prosecution, and the plaintiff excepted.

The errors assigned are as follows:

" 1st. That said court erred in overruling appellant's motion to expunge from the records the entries subsequent to the judgment in favor of appellant.

" 2d. The said court erred in calling the cause for trial a second time, pending a motion undisposed of by the appellee for a new trial," etc.

" 3d. That the said court erred in dismissing the cause and rendering judgment against appellant for costs."

In respect to the first error assigned, it is claimed by the counsel for the appellant that after the rendition of the judgment and the signing of the record by the judge, the proceedings in the cause were entirely completed and ended, and that the court had no power or authority to set aside the judgment and the order overruling the motion for a new trial; and that if this could be done at all, it could only be done after due notice to the appellant. The appellant's counsel have filed an excellent, printed brief in support of their views, but we are not favored with any brief for the appellee. We are left, therefore, without the citation of any authorities in support of the action of the court below.

Burnside *v.* Ennis.

But we think it may be regarded as the established doctrine of the common law, that courts have full and complete control of the record of their proceedings, during the entire term at which such proceedings were had; and that during such term, the court may, for good cause, correct, modify, or vacate any of its judgments. "All mistakes," says Bacon, "were amendable the same term, because it is a roll of that term, and so in the breast of the court during the whole term, and then a new roll might be brought in the cause, and consequently the same roll may be amended." *Blackamore's Case*, 8 Co. 310. The records may be amended during the term, for till its expiration they are considered *in fieri*, and consequently subject to the control of the court. 1 Bac. Ab., Title, Amendment and Jeofail (A); Amendment at Common Law.

So, also, says Tidd: "And, during the same term in which the judgment is given, it is amendable at common law, in form or in substance; but after that term, it is amendable no further than is allowed by the statutes of amendments." Tidd Pr., 4 Am. ed., p. 942.

We cite also a late elementary book, Freeman Judgments, 62, sec. 90. The author says: "One rule is, however, undoubted. It is, that the power of a court over its judgments, during the entire term at which they are rendered, is unlimited. * * * Until that time" (the expiration of the term), "the judgment may be modified, or stricken out." In the case of *Doss* v. *Tyack*, 14 How. U. S. 297, the court below had entered a decree dismissing a bill, but subsequently, at the same term, on cause shown, it vacated and set aside the decree. In respect to this point, the court say: "The court, in vacating the decree, were correcting an error both of fact and of law, and, during the term at which it was rendered, they had full power to amend, correct, or vacate it, for either of these reasons." See also the case of *Rutherford* v. *Pope*, 15 Maryland, 579.

There are many other authorities to the same effect, and there may, doubtless, be some to the contrary, but the

Burnside *v.* Ennis.

weight of authority clearly establishes the law as above stated. We are not aware of anything in our code that changes the common law rule in this respect. We conclude, therefore, that the court below had the power to set aside the judgment and the order overruling the motion for a new trial.

We are also satisfied that no notice to the appellant was necessary. When the parties were once rightfully in court, the court had jurisdiction over them; and that jurisdiction continued as long as any steps could be rightfully taken in the cause. The jurisdiction continued until there was such a final disposition of the cause as required some new action or proceeding to avoid the disposition made. We quote again from Freeman Judgments, 74, sec. 103: "At the close of the term the parties are dismissed *sine die,* and can no longer be regarded as being in court. Proceedings taken after that time to set aside a judgment must therefore be upon notice to all the parties affected, and the order of a court acting in the absence of such notice will be reversed upon appeal." A case of frequent occurrence may be put, to illustrate the propriety of the law in respect to the power of the courts over their records during the term, even after the record of the entry of judgment has been signed by the judge, and the jurisdiction of the courts over the parties until the close of the term. Suppose that on the call of the docket on the second day of the term, a judgment is taken by default, which is duly entered up by the clerk during the day, and the next morning the minutes are read and signed by the judge. But after the minutes are thus read and signed, the defendant appears, and on good cause shown, moves to set aside the default. It can not for a moment be doubted that in such case the court has power to set aside the judgment, and that, too, without re-acquiring jurisdiction over the plaintiff by giving him notice.

The case supposed is, in principle, precisely the case under consideration.

We are not informed by the record, upon what ground the judgment and order overruling the motion for a new trial were set aside. We must presume, therefore, that it was done for a good and valid reason. We can very well conceive that the judge, on further reflection upon the evidence, or upon the further examination of some legal question involved in the cause, was apprehensive that he might have fallen into an error, which could be corrected by setting aside the judgment and order overruling the motion for a new trial, thus leaving the case to stand upon the motion for further action thereon.

The first error is not well assigned.

The second and third may be considered together. It was clearly erroneous to call the cause for trial, and to dismiss it for want of prosecution, until the motion for a new trial had been disposed of. The cause stood, as we have seen, upon the pending motion for a new trial, and there could be nothing for the plaintiff to do until that motion was disposed of. It was the duty of the court to have passed upon that motion. If overruled, the plaintiff would be entitled to take judgment on the finding; if granted, he could be called upon at the proper time to proceed with the re-trial.

The judgment is reversed, with costs, and the cause remanded, with instructions to proceed in accordance with this opinion.