Stout *et al. v.* Duncan *et al.*

No. 9651.

## STOUT ET AL. *v.* DUNCAN ET AL.

| | |
|---|---|
| 87 | 383 |
| 127 | 500 |
| 87 | 383 |
| 129 | 234 |
| 87 | 388 |
| 131 | 294 |
| 87 | 383 |
| 149 | 435 |
| 152 | 563 |

**PRACTICE.**— *Withdrawal of Pleadings.*—Error can not be assigned upon rulings as to pleadings which are afterwards withdrawn.

**SAME.**—*New Trial as of Right.*—*Case Distinguished.*—A motion for a new trial as of right, under section 1034, R. S. 1881, made at the term at which the judgment was rendered, need not be in writing. *Crews v. Ross,* 44 Ind. 481, distinguished.

**SHERIFF'S SALE.**—*Quieting Title of Purchaser.*—A purchaser of lands at sheriff's sale, whose right to a deed is so questioned and denied as to be a cloud upon it, may maintain a suit to quiet his equitable title, after the time for redemption has expired.

**SAME.**—*Redemption.*— *Principal and Surety.*— *Subrogation.*— *Evidence.*— *New Trial.*—By a special finding the court found (1) that a joint judgment was obtained against a principal debtor whose land was sold on execution to satisfy an older judgment, and a surety, not so designated in the judgment, that the surety had paid the judgment, and afterwards in a suit by him it was so found, and adjudged that he be subrogated to the rights of the plaintiff in the judgment and have execution thereon, which had issued, and that a levy had been made on the land so sold, and (2) that this surety had no right to redeem from the sheriff's sale, under the statute, 2 R. S. 1876, p. 220.

*Held,* that upon these findings a conclusion of law, that the surety had no right to redeem, was correct.

*Held,* also, the evidence showing the first of these findings to be true, that a new trial should have been granted upon the evidence.

**SAME.**—*Redemption.*—*Replevin Bail.*—Replevin bail who has not paid the judgment has no right to avail himself of the judgment lien in order to redeem lands from sheriff's sale. 2 R. S. 1876, p. 220.

From the Monroe Circuit Court.

*J. R. East, W. H. East, G. W. Friedley, E. D. Pearson* and *H. H. Friedley,* for appellants.

*J. W. Buskirk, H. C. Duncan, B. E. Rhoads, W. R. Harrison* and *W. E. McCord,* for appellees.

BICKNELL, C. C.—The appellees brought this suit against the appellants and Daniel J. Stout and the sheriff of Monroe county. During the progress of the cause the sheriff and Stout disclaimed.

The plaintiffs had bought land of William K. Rawlings at

an execution sale, and had a certificate of sale; they had demanded a deed, which the sheriff refused to give, because Stout and Rawlings and Buskirk had paid into the clerk's office the amount of money necessary to redeem the land from the sale, and claimed that such payment was a valid redemption. Rawlings also claimed to have paid off for said William K. Rawlings a judgment against him, upon which said Rawlings was replevin bail, and Buskirk was claiming to have paid off as surety another judgment against said William K. Rawlings, and both the defendants Buskirk and Rawlings had executions upon their judgments, upon which the land was advertised to be sold.

An amended complaint stated in substance the foregoing facts, and that they created a cloud upon the title of plaintiffs; that the pretended redemption was void. The prayer of the complaint was for a restraining order as to said execution sales, and that the plaintiffs might be declared entitled to a deed and have their title quieted as to the claims of said defendants.

There had been a former trial, and a new trial had been granted to plaintiffs under sections 601 and 611 of the civil code of 1852. The defendants had moved to strike out the written application for the new trial, and had also filed a demurrer to it. This motion and the demurrer were both overruled. The record shows that afterwards, on the 25th of February, 1880, the plaintiffs filed their amended complaint, the substance of which is hereinbefore stated. To this amended complaint the defendants, on the 26th of February, 1880, filed the following demurrer: "The defendants demur to the plaintiffs' amended complaint herein, for the reason that said complaint does not state facts sufficient to constitute a good cause of action." This demurrer was overruled by the court, and several pleadings followed. On the 22d of February, 1881, the sheriff filed his disclaimer, and on the 22d day of March, 1881, the defendant Stout filed his disclaimer. On the same day it appears by the record that the remaining defendants

had leave to withdraw their answers, and then they again filed
a general joint demurrer to the amended complaint for want
of facts, etc., which demurrer was overruled, and the said re-
maining defendants then filed a general denial of said amended
complaint. The issue thus joined was submitted to the court for
trial, who, at the request of the parties, made a special finding
of facts and stated conclusions of law thereon, as follows:
"That on the 24th day of March, 1875, White & Wyckoff
recovered judgment against William K. Rawlings and David
W. Buskirk, for $388.55, without relief from valuation or
appraisement laws, upon which execution issued June 19th,
1876, and on the — day of ——, 1876, was levied on the fol-
lowing real estate:" (here follows a description of it) " which
was properly sold by the sheriff of said county to the plain-
tiffs, for $300, and a certificate of purchase was regularly is-
sued, and, at the expiration of one year from said sale, the
said plaintiffs presented to said sheriff said certificate and de-
manded a deed for said real estate, which he refused to make;
that, on the 8th day of June, 1875, the First National Bank
of Bloomington, Indiana, recovered a judgment against Wil-
liam H. Buskirk, Rolly Jackson, Michael T. Buskirk, Lewis
C. Griffith and William K. Rawlings, for the sum of $741.20,
in the Monroe Circuit Court, and execution was issued on
said judgment on the 19th day of June, 1876, which judg-
ment was, paid by said William H. Buskirk November 8th,
1876; that on September 7th, 1875, said Daniel J. Stout re-
covered a judgment in said circuit court against said William
K. Rawlings for $306.50; that, on November 27th, 1875, the
defendant Joseph V. Rawlings became replevin bail thereon,
and on October 30th, 1878, as such replevin bail, paid said
judgment in full; that on September 16th, 1878, in said court,
said William H. Buskirk recovered a judgment against the
said David W. Buskirk, Rolly Jackson, Michael T. Buskirk,
Lewis C. Griffith, William K. Rawlings and the First National
Bank of Bloomington, as follows, to wit:" (here follows a recital

of said judgment, to the effect that said William H. Buskirk is, and was at the taking of said judgment for $741.70, surety on the same, and not principal, and that he, having paid said judgment in full, was subrogated to the right of said First National Bank of Bloomington, and should have execution thereon ;) "that, on December 7th, 1878, said William H. Buskirk had an execution issued on said judgment, and caused the same to be levied on the lands so purchased as aforesaid by said plaintiffs ; that, on December 7th, 1878, the said Joseph V. Rawlings had an execution issued on said judgment in favor of Daniel J. Stout against William K. Rawlings, and had the same levied on the lands so purchased by said plaintiffs, which, at the commencement of this suit, had been advertised for sale on said executions on the 19th of January, 1879; that, on October 27th, 1877, the defendants Joseph V. Rawlings and William H. Buskirk paid to the clerk of said court $330 for the purpose of redeeming said land from the execution sale thereof to plaintiffs, as above found ; that in the memorandum and receipt for said money, made by said clerk, the name of defendant Daniel J. Stout was inserted as one of the parties so paying said money ; that said money was furnished by and was the money of said defendants Rawlings and Buskirk, and was paid for by them, and said Stout had no interest therein ; that neither said Rawlings nor said Buskirk, at the time of so paying said money, were owners of said land, nor had any interest therein, nor had they, or either of them, any judgment or mortgage lien upon said land to entitle them to redeem said lands from said sale.   As a conclusion of law from the foregoing facts the court finds and decides that said sale of said lands to said plaintiffs was legal and valid ; that the said defendants did not legally redeem said lands from said sale ; that said plaintiffs are entitled, in pursuance of their said purchase, to a deed from the sheriff of said county for said lands ; that defendants ought to be enjoined from claiming any right to enforce their said judgments as liens against said lands.   To which conclusions of law the defendants except."

The defendants Rawlings and Buskirk moved for a new trial, and filed the following reasons therefor:

1. The finding of the court is not sustained by sufficient evidence.

2. The finding of the court is contrary to law.

3. The finding of the court is contrary to the evidence.

This motion was overruled, and the defendants excepted. The court rendered judgment in pursuance of the finding. The defendants Rawlings and Buskirk appealed. They assign the following errors:

1. Overruling the separate demurrer of Daniel J. Stout to plaintiffs' amended complaint.

2. Overruling the separate demurrer of Joseph V. Rawlins to plaintiffs' amended complaint.

3. Overruling the separate demurrer of William H. Buskirk to plaintiffs' amended complaint.

4. That the plaintiffs' amended complaint does not state facts sufficient to constitute a good cause of action.

5. Overruling the defendants' motion to strike out and reject the plaintiffs' motion for a new trial of this cause as a matter of right.

6. Overruling the defendants' demurrer to the application of the plaintiffs for a new trial of this cause as a matter of right.

7. In rendering judgment vacating and setting aside the judgment in favor of these defendants and against the plaintiffs for costs, and in granting plaintiffs a new trial as a matter of right.

8. That the court erred in its conclusions of law upon the special findings of facts.

9. In overruling the motion for a new trial.

As to the first three specifications in the above assignment of errors, there are no separate demurrers to be considered. The record shows that after answering the amended complaint the appellants withdrew their pleadings and moved that the complaint be put into paragraphs, and then moved to strike

out a part of the complaint; these motions being overruled, they filed a joint demurrer to the amended complaint for want of facts, etc. Therefore no questions are presented by the first three of the alleged errors. *Cross* v. *Truesdale*, 28 Ind. 44. The fourth alleged error questions the sufficiency of the complaint.

We think the complaint showed a sufficient cause of action; it showed a cloud upon the plaintiffs' title; a plaintiff having the right of possession may recover in ejectment upon an equitable title. *Burt* v. *Bowles*, 69 Ind. 1. With equal reason he may have his equitable title quieted.

There was no error in the matter alleged in the fifth, sixth and seventh specifications of the assignment. The motion for a new trial as of right was made at the same term when the judgment was rendered on the first trial. In such a case the motion for a new trial need not be in writing. *Zimmerman* v. *Marchland*, 23 Ind. 474. Here it was in writing, and stated that the costs had been paid; the ruling in *Crews* v. *Ross*, 44 Ind. 481, that the application for a new trial must show the rendition of the judgment, the time when rendered, that all the costs had been paid, and that a new trial was demanded as of right and without cause, is applicable only when the new trial is demanded at a term subsequent to the term at which the judgment was taken, and when the cause is no longer on the docket or before the court. *Sanders* v. *Loy*, 45 Ind. 229. Here the judgment was rendered on December 4th, 1879, the sixteenth day of the term. The motion for the new trial was made five days afterwards, on the twenty-first day of the same term. The judgment was still "in the breast of the court during the whole term." *Burnside* v. *Ennis*, 43 Ind. 411; *Richardson* v. *Howk*, 45 Ind. 451; *Cox* v. *Dill*, 85 Ind. 334. The record shows that a motion was made and that all the costs had been paid. This was sufficient in such a case. The motion to strike out the application for a new trial and the demurrer to the said application were rightly overruled, and the new trial as of right was properly granted. As to the eighth specification of error, an exception to the conclusions

of law admits that the facts were fully and correctly found. *Cruzan* v. *Smith*, 41 Ind. 288.   Upon the facts as the court found them, the defendants were neither owners nor mortgagees of the land, nor were they judgment creditors having a lien upon the land.   If so, they had no right to redeem from the sale to the plaintiffs, and the plaintiffs were entitled to their deed.   Act of June 4th, 1861, 2 R. S. 1876, p. 220, *note.*

The question as to correctness of the findings is presented by the ninth and last specification of error, to wit, that the court erred in overruling the motion for a new trial.   Upon this we think the motion for a new trial should have been sustained, because the findings were not supported by the evidence, and were contrary to law.   Joseph V. Rawlings, as replevin bail, had no right to redeem, because at the time of the redemption he had not paid the Stout judgment, and did not pay it until about a year after the time for redemption had expired.   But Buskirk, as surety, paid the National Bank's judgment during the year of redemption.   He thereby, under the statute, 2 R. S. 1876, p. 279, sec. 676, became substantially the owner of the National Bank judgment.   The language of the section is that a judgment so paid by a surety " shall not be discharged, but shall remain in force for the use of the surety."   The judgment being in force for Buskirk's use, and the statute of redemptions, *supra*, being entitled to a liberal construction, we think his redemption of the land within the year was valid.   The finding of the court that Buskirk had not any judgment to entitle him to redeem, was not sustained by the evidence, and was contrary to law.   The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees, and this cause is remanded for a new trial.

## ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The petition claims that the provisions

Stout *et al. v.* Duncan *et al.*

of section 676 of the code of 1852, are applicable only to sureties who have been judicially declared to be such by a proceeding for that purpose instituted in the original suit, under section 674 of the code of 1852, and that, although Buskirk, in a subsequent suit brought by him against all the parties to the original suit, was by the judgment of the proper court declared to be a surety, and although by that judgment it was declared that he had paid the judgment in the original suit in full, and that he was subrogated to the rights of the plaintiff in the original suit, and should have execution therein, yet that "the whole proceeding to try the question of surety-ship was a nullity, and that Buskirk's rights were not enlarged thereby, and that the payment of the judgment by him satisfied the judgment, and that he, failing to have the question of suretyship determined in the original proceeding, is estopped from claiming any rights as surety." In this we think the petitioners are mistaken. Section 676, *supra,* contains the following provisions: " When * * * any person being surety in any undertaking whatever, has been * compelled to pay any judgment or any part thereof, or shall make any payment which is applied upon such judgment by reason of such suretyship, * * * the judgment shall not be discharged by such payment, but shall remain in force for the use of the * surety, * and * * may be prosecuted to execution for his use." *Scherer* v. *Schutz,* 83 Ind. 543. The relief granted to sureties by this section is not limited to those only who have been declared such by proceedings in the original suit. There is no element of estoppel in the case. The evidence was oral testimony and a written statement of facts agreed upon and submitted as evidence, which showed that Buskirk had no right to redeem other than that secured to him as surety in manner aforesaid, but this, as we have seen, was sufficient.

The petition ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.