LAKE-O'-THE WOODS CLUB, ETC. *v.* MARTINAL ETC.

[No. 29,622. Filed December 12, 1958.]

*Philip M. Cagen,* of Valparaiso, for appellant.

*Theodore M. Gemberling* and *Crumpacker, Gemberling & Enslen,* of Hammond, for appellee.

LANDIS, C. J.—In 1937 appellant's predecessor in interest obtained a judgment against appellee's predecessor in interest and others, quieting title in real estate and enjoining said defendants from setting up any right, title, or interest to said real estate.

In 1957 appellant filed petition for rule to show cause asking that appellee as the successor in interest to its predecessor be punished for contempt of court for violating the injunction contained in said decree. Appellee filed special appearance and objections to the court's jurisdiction contending the court had no power or authority to take any action in the contempt proceeding as the term of said court in which the title was quieted and injunction entered had expired some twenty years before, and that the court, after the closing of the term in which judgment was rendered, was powerless to take any further action with reference to said cause. The court sustained appellee's objections to its jurisdiction, rendered judgment that it had no jurisdiction, and appellant has appealed therefrom to this court.

The parties have conceded in their briefs that the only question on this appeal is whether a trial court at a subsequent term has jurisdiction to entertain contempt proceedings for an alleged violation of a decree of injunction entered at a previous term of such court.

Appellee has cited one authority in support of its contention that the court is without jurisdiction, to-wit: the case of *Hefton* v. *State* (1934), 206 Ind. 663, 190 N. E. 847, and the authority therein cited. That case was one in which the accused was convicted at the January Term of court

and at the same term of court a new trial was granted. At the succeeding March Term of court a motion to set aside the order granting the new trial was filed, and at the following October Term, the motion was sustained and the order granting the new trial was set aside. The Supreme Court reversed the lower court for setting aside at a subsequent term the previous order granting the new trial, saying (p. 667 of 206 Ind., p. 849 of 190 N. E.) :

> "It has long been recognized that courts have full and complete control of the record of their proceedings during the entire term at which such proceeding was had; and that during such term, the court may, for good cause, correct, modify, or vacate any of its judgments. *McClellan* v. *Binkley* (1881), 78 Ind. 503; *Burside* v. *Ennis* (1873), 43 Ind. 411; *Stout* v. *Duncan* (1882), 87 Ind. 383; *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N. E. 122; *Wabash* v. *Gary* (1921), 191 Ind. 394, 132 N. E. 737; *Vesey* v. *Day* (1911), 175 Ind. 406, 411, 94 N. E. 481; Freeman, Judgments, Section 90."

The court further says with reference to the rule, that a court may vacate an order granting a new trial at the same term when the motion for a new trial is granted, but not at a subsequent term, as follows (p. 668 of 206 Ind., p. 850 of 190 N. E.) :

> "The reason of the rule is obvious. There must be some point where the litigation in the lower court terminates and the right to appeal to the higher court begins."

However, in the case before us, the court below was not being asked to correct, modify, or vacate its previous order or judgment. Instead, appellant was seeking by a contempt proceeding to enforce the previous decree of the court.

It would be unthinkable that a court would be powerless, as contended by appellee, to enforce its decrees and injunctions after the term of court when the decree was entered. Such a rule would make a mockery of binding adjudications of our courts, and would make their decisions unenforceable. As stated in *State ex rel. Brubaker* v. *Pritchard, Judge, etc.* (1956), 236 Ind. 222, 226, 138 N. E. 2d 233, 235:

> ". . . It is well established that once a court acquires jurisdiction over parties, the jurisdiction continues until the final disposition of the litigation including the enforcement of the judgment or decree. Likewise, it may be said, in equity a decree may be so far final as to be appealable, but not final as to the decree on the merits or its enforcement. *State ex rel. Pub. Ser. Comm. et al.* v. *Boone C. C., etc. et al.* (1956), 236 Ind. 202, 138 N. E. 2d 4 [139 N. E. 2d 552]; *Burnside* v. *Ennis* (1873), 43 Ind. 411; 14 Am. Jur., Courts, §174, p. 373; 30 C. J. S., Equity, §616, p. 1014; 21 C. J. S., Courts, §88, p. 136."

Courts inherently possess the power to enforce their orders and decrees, and such authority is not dependent upon statutory enactments authorizing the same. However, in the case before us there are statutory provisions providing for the enforcement of orders of injunction which are declaratory of the court's existing authority. Burns' §3-2114 (1946 Replacement) provides:

> "*Whenever it shall appear to any court granting an order of injunction,* or judge thereof in vacation, by affidavit, that any person has wilfully disobeyed the order, after notice thereof, such court or judge shall award an attachment for contempt against the party charged or a rule to show cause why it should not issue. The attachment or rule shall be issued by the clerk of the court, and directed to the sheriff, and shall be served by him." Acts 1881

(Spec. Sess.), ch. 38, §190, p. 240. (Emphasis supplied.)

We do not see how any reasonable interpretation of the court's inherent powers or the above provisions of the statute could enable us to conclude otherwise except that a trial court rendering a decree of injunction has jurisdiction and authority to entertain contempt proceedings brought at a later term of court to secure enforcement of the decree.

We do not in this opinion express ourselves as to whether the injunction in the quiet title action was binding upon the parties to such action or the parties in this contempt action, as such matters are outside the issues and were not raised by the parties in their briefs.

The judgment is reversed with directions to overrule appellee's objections to the jurisdiction of the court below.

Achor, Arterburn and Bobbitt, JJ., concur.

Emmert, J., dissents.

NOTE.—Reported in 154 N. E. 2d 498.