ATTORNEYS FOR PETITIONER:
**JEFFREY T. BENNETT**
**BRADLEY D. HASLER**
BINGHAM GREENEBAUM DOLL LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**DAVID A. SUESS**
**BRENT A. AUBERRY**
**BENJAMIN A. BLAIR**
**STEPHEN H. PAUL**
**BRIAN J. PAUL**
FAEGRE BAKER & DANIELS LLP
Indianapolis, IN



FILED
Aug 15 2019, 1:56 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| SWITZERLAND COUNTY ASSESSOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 49T10-1705-TA-00009 |
| ) | |
| BELTERRA RESORT INDIANA, LLC, ) | |
| ) | |
| Respondent. ) | |

## ORDER ON RESPONDENT'S MOTION FOR ENFORCEMENT OF DECISION AND FOR ORDER TO SHOW CAUSE

### FOR PUBLICATION
### August 15, 2019

WENTWORTH, J.

This matter is before the Court on Belterra Resort Indiana, LLC's "Motion for Enforcement of Decision and For Order to Show Cause." The Court, being duly advised in the premises, grants Belterra's Motion.

**BACKGROUND**

On May 24, 2018, this Court issued an opinion that affirmed in part and reversed in part the final determination of the Indiana Board of Tax Review valuing Belterra Resort Indiana, LLC's real property for purposes of the 2009 through 2014 assessments. See Switzerland Cty. Assessor v. Belterra Resort Indiana, LLC, 101 N.E.3d 895 (Ind. Tax Ct.), review denied. The Court provided instructions in its opinion for recomputing Belterra's assessments and remanded the matter to the Indiana Board. Id. at 909. See also Switzerland Cty. Assessor v. Belterra Resort Indiana, LLC, No. 49T10-1705-TA-00009 (Ind. Tax Ct. Jan. 25, 2019) (order granting Assessor's Motion for Clarification of Remand Status). On March 7, 2019, the Indiana Board issued an "Order on Remand" instructing the Assessor to enter assessments that complied with the Court's instructions. (See Resp't Mot. Enf't Decision & Order Show Cause ("Belterra's Mot."), Ex. 3 at 2 ¶ 7.) In doing so, however, the Indiana Board stated its belief that it was only required to order an assessment, not to actually oversee the recomputation process. (See Belterra's Mot., Ex. 3 at 2 ¶ 7.)

When, by June 7, 2019, no assessments had yet been entered, Belterra, by counsel, filed its Motion asking the Court to enforce its May 24, 2018, decision by issuing an order to show cause why its decision had not been executed. On June 17, 2019, the Switzerland County Assessor, by counsel, responded by asserting that the Court lacked subject matter jurisdiction to decide the Motion. (See Pet'r Br. Resp. Mot. Enforcement Decision & Order Show Cause ("Assessor's Br.") at 4-9.)

On July 9, 2019, after the Motion had been fully briefed and was pending before the Court, the Assessor filed a "Motion for Leave to File Surreply to [Belterra's Motion]" claiming that on July 3, 2019, final assessed values had been assigned to Belterra's property and the process for issuing refunds to Belterra had already been consummated. (See Pet'r Mot. Leave File Surreply Mot. Enf't Decision & Order Show Cause ("Assessor's Surreply") at 2 ¶ 3.) As a result, the Assessor argued, "any disagreement Belterra has with the refund amount must [now] be resolved by a court of competent jurisdiction located in Switzerland County[.]" (Assessor's Surreply at 2 ¶ 4.)

## LAW

This Court exercises exclusive jurisdiction over cases that arise under Indiana's tax laws and are initial appeals of final determinations of the Indiana Board. IND. CODE § 33-26-3-1 (2019). If, in the course of exercising its jurisdiction, the Court determines that an Indiana Board final determination cannot be affirmed, it must remand the matter to the Indiana Board with instructions. IND. CODE § 6-1.1-15-8(a) (2018). Pursuant to those instructions, the Indiana Board may conduct further proceedings and correct the assessment itself or refer the matter to the county property tax assessment board of appeals to make another assessment. I.C. § 6-1.1-15-8(a); IND. CODE § 6-1.1-15-9(a) (2018). Either way, the corrected assessment is subject to appeal. See I.C. § 6-1.1-15-9 (providing that if the Indiana Board corrects the assessment, the taxpayer or the assessor has the right to appeal from the Indiana Board's "final determination" to the Tax Court). See also IND. CODE §§ 6-1.1-15-1.2, -2.5, -3 (2018) (indicating that the "final determinations" of county

property tax assessment boards of appeals are reviewed by the Indiana Board, whose final determinations are then reviewed by the Tax Court). The right to appeal a corrected assessment is triggered upon proper notice. See, e.g., I.C. §§ 6-1.1-15-1.2(j), -3(b), (d); IND. CODE § 6-1.1-15-5-(b), (c) (2018).

## ANALYSIS

Belterra's Motion requests that the Court enforce its May 24, 2018, decision by ordering compliance with the instructions in its decision. (See Belterra's Mot. at 1, 6.) The Assessor has argued in opposition that 1) the Indiana Board's Order on Remand was the "final disposition" of Belterra's case and Belterra was therefore appealing a claim for refund both prematurely and in the wrong court; 2) if the Indiana Board's Order on Remand was not a final disposition, Belterra's remedy was with the Indiana Board, not the Tax Court; or 3) the Court's jurisdiction was never invoked because the Indiana Board's Order on Remand did not use the words "refer" or "referral" specifically used under Indiana Code § 6-1.1-15-8. (See Assessor's Br. at 4-9.)

**1.**

The Assessor first argues that the Indiana Board's Order on Remand or the purported assignment of final assessed values was the final disposition of the case, thereby converting the matter to a claim for refund that is properly resolved by a court of general jurisdiction in Switzerland County. (Assessor's Br. at 4-6; Assessor's Surreply at 2 ¶ 4.) The Assessor, however, did not present any evidence that either was a final disposition and Belterra was not provided notice that included its appeal rights – a necessary component of a final disposition. (Compare

4

Assessor's Surreply, Exs. A, B and Belterra's Mot., Ex. 3 with I.C. §§ 6-1.1-15-1.2(j), -3(b), (d); I.C. § 6-1.1-15-5-(b), (c) and Resp't Reply [Assessor's Surreply] at 3 (where Belterra asserts it never received any notice of appeal rights).) Accordingly, this matter is still in the Court-ordered remand phase and has not reached the point of final disposition. This Court – like every other court in this State – retains jurisdiction over its cases until their final disposition (which includes the enforcement of its own orders, judgments, and decrees). See, e.g., Fackler v. Powell, 839 N.E.2d 165, 167 (Ind. 2005); Skendzel v. Marshall, 330 N.E.2d 747, 749 (Ind. 1975); Lake-O'-The Woods Club v. Martinal, 154 N.E.2d 498, 500 (Ind. 1958); Town of St. John v. State Bd. of Tax Comm'rs, 729 N.E.2d 242, 245 (Ind. Tax Ct. 2000). The Court therefore rejects the Assessor's claim that it lacks the subject matter jurisdiction to rule on Belterra's Motion on this basis.

**2.**

Second, the Assessor claims that the Court lacks subject matter jurisdiction even if the Indiana Board did not issue a final disposition because the Judgment Entry issued concurrently with the Court's May 24, 2018, decision makes it clear that jurisdiction lies with the Indiana Board on remand, not the Tax Court. (Assessor's Br. at 6-7.) The Court rejects this claim as well. See, e.g., Skendzel, 330 N.E.2d at 749 (stating that "[w]hen an appellate court remands a cause to the trial court with instructions for further proceedings, the appellate court retains jurisdiction to see that its instructions are carried out").

**3.**

Finally, the Assessor states that the Court's jurisdiction was never properly invoked because the Indiana Board's Order on Remand did not "refer" the matter, or make a "referral," to the county property tax assessment board of appeals as required by Indiana Code § 6-1.1-15-8(a). (Assessor's Br. at 7-9.) The Assessor asserts that the Indiana Board's failure to use the words "refer" or "referral" removes the grounds for the Court to police compliance with the Indiana Board's Order on Remand under Indiana Code § 6-1.1-15-8(c). (Assessor's Br. at 8-9.) The Assessor's arguments are hollow, however, because "[c]ourts inherently possess the power to enforce their orders and decrees, and such authority is not dependent upon statutory enactments authorizing the same." Lake-O'-The Woods Club, 154 N.E.2d at 500.

"Upon remand, the Indiana [B]oard may take action only on those issues specified in the decision of the [T]ax [C]ourt." I.C. § 6-1.1-15-8(a). Accordingly, it was not sufficient for the Indiana Board to simply order the Assessor to prepare a compliant assessment in this case. Indeed, the Indiana Board must ensure that the Court's instructions contained in its May 24, 2018, opinion have been specifically carried out. This oversight process guarantees that the Indiana Board – Indiana's assessment and property tax expert – has determined the accuracy of a corrected assessment, reducing the possibility that additional judicial resources must be expended. Moreover, as a practical matter, the Indiana Board's oversight insulates

6

an assessor – typically a party in property assessment cases – from the appearance that she advanced her own self-interest.[1]

## CONCLUSION

For the reasons stated above, the Court rejects the Assessor's claims that the actions that have occurred on remand in this matter have divested this Court of its subject matter jurisdiction to both clarify and enforce its May 24, 2018, judgment and GRANTS Belterra's Motion. Moreover, the Court ORDERS the Indiana Board to verify and provide written notice to the parties in this case that the corrected assessments comply with the Court's instructions for correcting the assessments in its May 24, 2018, decision. Those instructions explicitly stated:

### Belterra's 2009 Assessment

1) Start with the 2008 assessed value of the entire property;

2) Remove from that value the portion attributable to the Riverboat and replace it with $4,327,000 (i.e., Herman's appraised value).

### Belterra's 2014 Assessment

1) Start with the 2008 assessed value of the entire property;

2) Remove from that value the portion attributable to the Riverboat and replace it with $3,500,000 (i.e., Herman's appraised value);

---

[1] Here, the Assessor's post-decision actions and claims appear to be intended to reduce the adverse effects of the Court's decision. First, the Assessor conjured an ambiguity in the Court's instructions for calculating the corrected assessments where there was none. Then, when corrected values were issued presumably based on that conjured ambiguity, the Assessor invented procedural infirmities to prevent the Court from enforcing its decision. Taxpayers deserve more than taxation by trickery, and the Court will not countenance such actions.

3) Also, remove from the 2008 assessed value of the entire property the portion attributable to the Golf Course and replace it with $3,000,000 (i.e., Herman's appraised value).

Switzerland Cty. Assessor, 101 N.E.3d at 909.


SO ORDERED this 15th day of August 2019.


Martha Blood Wentworth, Judge
Indiana Tax Court



Distribution:
David A. Suess, Brent A. Auberry, Benjamin A. Blair, Stephen H. Paul, Brian J. Paul, Jeffrey T. Bennett, Bradley D. Hasler, the Indiana Board of Tax Review