MILLER v. SELIGMAN ET AL.

SUPREME COURT.—*Appeal.*—*Question of Law Reserved.*—*Bill of Exceptions.* —*Practice.*—Where, under section 347 of the practice act, 2 R. S. 1876, p. 177, an appeal is taken to the Supreme Court, on a bill of exceptions only, from a ruling of the circuit court in refusing to allow the defendant to file an answer to the complaint in an action commenced before, and appealed from, a justice of the peace, the bill of exceptions must contain a copy, not only of the answer offered, but also of the complaint, so that the Supreme Court may judge of the relevancy and sufficiency of the answer.

SAME —*New Trial.*—*Record.*—Where the bill of exceptions, on such appeal, contains neither the evidence nor the verdict of the jury which tried the case, no question is presented on the overruling of a motion for a new trial.

From the Morgan Circuit Court.

*W. S. Shirley* and *J. C. Robinson*, for appellant.

*J. M. Coleman*, *G. W. Grubbs* and *M. H. Parks* for appellees.

NIBLACK, J.—The appellees, Daniel Seligman and David Seligman, were the plaintiffs, and the appellant, Peter Miller, was the defendant, in the proceedings below.

It is intended by the appeal in this case to reserve certain questions for the decision of this court, under section 347 of our code of practice in civil cases. 2 R. S. 1876, p. 177. That section is as follows:

"Either party may reserve any question of law decided by the court, during the progress of the cause, for the decision of the Supreme Court. Any question of law so reserved may be taken to the Supreme Court upon the bill of exceptions showing the decision; or, if it arises on demurrer, upon the pleadings involved. When the question so reserved is shown by bill of exceptions, the party excepting shall notify the court that he intends to take the question of law to the Supreme Court upon the bill of exceptions only, and the court shall thereupon cause the bill of exceptions to be so made that it will distinctly and briefly embrace so much of the record of the cause only, and the statement of the court, as will enable the Supreme Court to apprehend the particular question involved."

It appears from the record in this cause, that the plaintiffs, on the 13th day of September, A. D. 1875, filed in the office of the clerk of the court below "a transcript from William C. Smith, justice of the peace, against said defendant."

The bill of exceptions, purporting to contain a statement of the questions reserved for this court, shows, that afterward, to wit, on the seventh judicial day of the September term, 1875, of the court below, the defendant offered to file the following answer in said cause:

"The defendant asks leave of the court to answer to the plaintiffs' complaint, as follows:

"That said cause has been appealed by the plaintiffs to this court from William C. Smith, a justice of the peace of said county. * * * That no pleadings were filed by defendant in said cause with said justice, the de-

fendant having the right to prove his defence without plea under the statute.

" And the defendant, for answer in this court to plaintiffs' complaint, withdraws and waives the right to introduce his proof and defence under and by virtue of the denial put in for him by the statute, and expressly withdraws and waives the general denial herein, and admits the truth of the plaintiffs' complaint herein, in so far as the same is not inconsistent with this answer, and says that he admits that the plaintiffs sold and shipped to him the cigars, as alleged in the complaint, but avers, that said plaintiffs sold said cigars by sample, and warranted the cigars that they would ship to be as good as the sample. The defendant resides at the town of Martinsville, Indiana. The plaintiffs were wholesale merchants, residing at Indianapolis, * * Indiana. That said cigars were sold by plaintiffs to defendant by sample, at said Martinsville, * * * and plaintiffs were to ship them to defendant, from said Indianapolis, to him at Martinsville, * * * and left with the defendant said sample for his use, and agreed and warranted that the cigars they would ship would be as good as the sample, and if the same were not so good as the sample, defendant should not be required to take or keep them, but, as soon as plaintiffs or their agent should come around, they would take them back; and defendant avers, that said cigars were not of the quality and character of.said sample, but were worthless and of greatly inferior quality, and unsalable at the price charged for them by plaintiffs." Concluding with an averment that the defendant had declined to accept, use or keep said cigars, of which he gave the plaintiffs notice, and that he offered to return said cigars before the commencement of the suit; that the court refused to permit the defendant to file his answer, as proposed, to which the defendant excepted; that there was afterward a trial by jury, terminating in a verdict and judgment for the plaintiffs.

The first error assigned here is upon the refusal of the court to permit the defendant to file an answer, as above stated.

The complaint is not in the record, nor is the transcript, taken from the proceedings before the justice, copied into the record.

Without the complaint before us in some form, we are unable to judge of either the relevancy or the materiality of the matters alleged in the answer which the appellant asked leave to file; and without the transcript, or an authorized synopsis of it, we are unable here to know what occurred before the justice.

Without the complaint, we have no such statement in the record as is necessary to enable us " to apprehend the particular question involved."

This remark applies, also, to the second error, which is assigned on a second unsuccessful attempt to obtain leave to file an answer, as above set forth.

The third error is assigned upon the overruling of the appellant's motion for a new trial; but, as the record does not contain either the evidence or the verdict, we can not consider that error as well assigned here.

We see no available error in the record.

The judgment is affirmed, at the costs of the appellant.