Filed June 8, 1889.

———◆———

No. 13,798.

WHITE v. D. S. MORGAN & COMPANY.

WITNESS.—*Examination of Party.*—*Notice of.*—*Contempt.*—*Striking Out Pleadings.*—A party's pleadings can not be stricken out, under section 513, R. S. 1881, because of his failure to appear for examination at the instance of the adverse party, unless the process requiring his appearance is issued by some proper court or officer, and he is in contempt thereof.

PLEADING.—*Motion to Strike Out.*—*Practice.*—A motion to strike out another motion to strike out is improper, and should not be entertained.

From the Benton Circuit Court.

*J. F. McHugh,* for appellant.

*J. W. Cole,* for appellee.

OLDS, J.—The appellee, a corporation, appointed the appellant its agent for the sale of reapers and mowers in Benton county, and the parties entered into a written contract, the appellant agreeing to guarantee the payment of all notes taken for appellee's machinery unless said notes contained a truthful property statement signed by the maker or makers of the note or notes, showing that such maker or makers were worth $1,000 in real estate in excess of all debts, liabilities and exemption laws, and $500 in personal property.

This action is brought by the appellee, alleging that the appellant failed to keep said contract, and sold one of its machines to John and Harriet Bullington, and failed to obtain a property statement as required by the contract.

After the cause was at issue, and during the vacation of the Benton Circuit Court, the plaintiff's attorney, on the 26th day of February, 1887, caused a notice to be served upon the defendant by the sheriff of said county, notifying the defendant to appear at the office of Wm. L. Bartlett, a notary public, in Ambia, Benton county, Indiana, on Thursday, March 3d, 1887, at 10 o'clock A. M., before some officer authorized to take depositions, to answer under oath such questions as might be asked him concerning the matter in litigation then pending in the Benton Circuit Court between the plaintiff and defendant. The notice was signed by the plaintiff's attorney. On the 7th day of March, 1887, the plaintiff's attorney caused another notice to be served on the defendant by the marshal of the town of Ambia, in substance the same as the former notice, fixing the day to appear on the 12th day of March, 1887, and stating that the plaintiff would proceed to take the defendant's deposition, to be read in evidence at the option of the plaintiff in the said cause pending in said Benton Circuit Court.

On the 26th day of March the plaintiff's attorney caused a like notice, as the last above described, to be served on the defendant by a constable, notifying the defendant to appear, for the purpose of allowing his deposition to be taken, on the 4th day of April, 1887. The defendant failing to appear in response to either of the notices served upon him, at the April term, 1882, of the Benton Circuit Court, the plaintiff moved the court to strike out the defendant's answer, and filed in support of the motion the affidavit of his attorney showing the service of the respective notices on the defendant, and that he failed and refused to appear and submit to an examination, and that on each and all of said days named in said notices the plaintiff was present by counsel at

the place named in said notices, with a notary public ready to take said defendant's deposition at the times and place named in said notices.

The court sustained the plaintiff's motion, and struck out the defendant's answer, and rendered judgment for the plaintiff upon his complaint. The question is properly saved by bill of exceptions, and such ruling of the court is assigned as error.

The case of *Bish* v. *Beatty*, 111 Ind. 403, is decisive of the question in this case. It is held in that case that a party is not liable to the consequences provided in section 513, R. S. 1881, which authorizes the court to punish the party as for a contempt, and to strike out the pleadings filed by the party in default, unless such party has been duly served with process issued by some proper court or officer, and is in contempt of such court or officer. In this case, as in the case of *Bish* v. *Beatty, supra,* the notice was not issued by any officer. The court erred in sustaining the motion to strike out appellant's answer and in rendering judgment in favor of appellee, and the judgment must be reversed.

We think it proper to add that, while the question is properly reserved in this case by a bill of exceptions as to the final ruling in the case, there are numerous surplus motions and assignments of error. Such a motion as is made in this case, to "strike out another motion to strike out," is not known in either the code or common law system of pleading. When a motion is made to strike out a pleading, or a part of a pleading, the question is properly reserved by an exception to the ruling of the court, and preserved by a bill of exceptions. A "motion to strike out another motion to strike out," and to reject a demurrer, are usually frivolous, and ought not to be entertained or entered of record by the trial court.

Judgment reversed, with costs.

Filed June 18, 1889.