Reini-iard, J.
On the 2d day of December, 1893, being the 24th judicial day of the special term of the Marion Superior Court for the month of November, 1893, the appellee obtained a judgment by default on an open book account against the appellant for $845.15, summons-having been duly issued and served. On the 11th day of December, 1893, being the 7th judicial day of the December term, 1893, of said court, the appellant filed its "motion and application” asking the court to set aside the default and judgment. Subsequently, and during the same term, the appellee filed its demurrer to the application, alleging for cause therefor that the same did not state facts sufficient to constitute a cause of action. No-ruling appears to have been made upon the demurrer, but on the 19th day of December, which was during the same term at which the application was filed, the court overruled the motion and application to set aside the default and judgment, to which ruling the appellant excepted and was given twenty days’ time to prepare and file a bill of exceptions. On the 2d day of January, 1894, being the 2d judicial day of the January term, 1894, of said court, the appellant filed its amended application to set aside said default and judgment, which was at the same term, and upon appellee’s 'motion, stricken from the files, to which ruling the appellant'excepted, and was given thirty days’ time to prepare and file a bill of exceptions. From this ruling an appeal was taken to the general term of the superior court, and on the 9th day of February, 1894, which was during the February term, 1894, of said court, the appellant filed its bill of exceptions and also its abstract from the entry docket in the cause and its assignment of errors. The specification of errors is:
1. That the court erred in sustaining the appellee’s demurrer to the appellant’s motion to set aside the judgment taken by default.
*479 2. That the court erred in sustaining appellee’s motion to strike out appellant’s amended motion or application to set aside the judgment taken by default against said appellant.
The appeal having been submitted to the full bench of the superior court at the general term, the judgment of the special term was affirmed, and the appellant excepted. The only error assigned here is that the superior court in general term, erred in affirming the judgment of the special term.
We shall assume, for the purposes of this appeal, that the amended application is sufficient under ordinary circumstances to entitle the appellant to relief from the judgment by default, and that if such amended application was properly before the court, it would have been its duty under the statute to set aside the default. R. S. 1894, section 399 (R. S. 1881, section 396).
Was the amended application properly before the court?
The record shows that the first application was filed at the term subsequent to the one at which the judgment was taken. When the application is made during the term at which the judgment by default was taken, the proper proceeding is by motion without notice. Frazier v. Williams, 18 Ind. 416.
If made after the term, the application is a new proceeding in the nature of a complaint, and requires notice. No notice was required in the present case, as there was an appearance and a demurrer. The fact that the pleading was denominated a “motion” or “application,” or that it was entitled the same as the original cause, will not change its character, as the courts will look to the substance and not to mere technical matters.
As there was no ruling upon the demurrer, the only question presented is upon the second assignment of *480 error. We agree with appellee’s counsel that the sustaining of a motion to strike out a.motion or pleading is the same as overruling the original motion or pleading, and that the record presents the same questions as if the latter application had been overruled for any cause. Blemel v. Shattuck, 133 Ind. 498; White v. Morgan & Co., 119 Ind. 338.
The filing of the complaint to set aside the judgment by default was the commencement of a new cause of action, and this cause remained in fieri until it was finally disposed of. If, therefore, final judgment was rendered during the December term, the cause was at an end, and no amended complaint or other pleading could have been subsequently considered.
We think the matter was finally determined, as far as the superior court was concerned therein, at the December term, 1893. The record shows that the application was then overruled, an exception taken, and time granted for filing a bill of exceptions. The appellant could have asked and obtained leave at that term of court to file an amended complaint or application, and had the cause been continued till the next term, it could have filed an amended complaint then. But the judgment by which the court overruled the application was a final determination of the question whether or not the appellant was entitled to have the judgment by default set aside. The ruling remained in fieri only during such term, unless there is an affirmative showing that the cause was postponed until the next term, which is not the case. It was an adjudication of the question whether the , appellant was entitled to be relieved from the judgment, and no appeal having been taken therefrom, the ruling must be considered as final, and can not be reviewed now. Nor could the appellant subsequently open up the judgment *481 overruling the application, by filing either an amended or a new complaint.
Filed Jan. 9, 1895.
Judgment affirmed.