## MOERECKE *v.* BRYAN ET AL.

[No. 22,375. Filed May 28, 1915. Rehearing denied October 14, 1915.]

1. COURTS.— *Record.— Nunc Pro Tunc Entry.— Power of Court.—* Where a cause is no longer *in fieri,* the court is without power to make a *nunc pro.tunc* entry in the absence of some written minute or memorandum on which to base same, but previous to judgment and while the cause is still *in fieri* omitted entries may be supplied and erroneous ones corrected by the court acting solely on its own knowledge. p. 595.

2. COURTS.—*Record.—Nunc Pro Tunc Entry.—Affidavits.—*On motion for a *nunc pro tunc* entry in a cause still *in fieri,* the court was authorized to make the entry based on its own knowledge of the facts notwithstanding uncontradicted affidavits submitted in opposition to the motion set out facts in conflict with the finding of the court. p. 596.

3. COURTS.— *Adjournment.— Power.— Objection to Jurisdiction.—* Section 1058 Burns 1914, Acts 1885 p. 114, providing that where a trial is in progress at the close of a term the court may continue its sitting beyond such time, does not expressly require the resumption of the hearing on the next secular day nor forbid adjournments thereafter for certain periods, so that where the question of the court's power in these respects was presented it was the duty of the trial court to construe the statute, and its construction in favor of resuming the hearing on a remote day and thereafter adjourning for certain periods, if erroneous, did not deprive the court of colorable authority to proceed, and a party who without objection participated in each hearing and agreed to each continuance, can not avail himself of the objection that the court was without jurisdiction, even though made before judgment, where the same was not made until after he had been advised what the finding and judgment would be. p. 596.

4. CONSTITUTIONAL LAW.—*Right to Justice.—Courts.—Denial of Right to File Objections to Jurisdiction.—Harmless Error.*—Section 12, Art. 1, of the Constitution providing for open courts and the right to remedies by due course of law, was not violated by the action of the trial court in refusing to permit the untimely filing of written objections to the jurisdiction, and, even if its action was erroneous, the error was harmless in view of the fact that substantially the same objections were subsequently received and filed. p. 597.

5. JUDGES.— *Special Judges.— Appointment of Another Special Judge.*—On appellant's theory that the special judge lost jurisdiction by failing to appear on the proper day for an adjourned hearing of the cause, the fact that under §429 Burns 1914, Acts 1903 p. 343, the regular judge, after the lapse of five days, lost the power to appoint another special judge, warranted the regular judge in overruling appellant's motion to appoint another special judge. p. 598.

6. APPEAL.—*Review.—Finding.*—The finding of the trial court is conclusive on the evidence, where, from a consideration of the direct evidence most favorable to appellees together with all reasonable inferences the court was warranted in drawing therefrom, it can not be said that there was not some evidence to support the finding. p. 598.

From Lake Circuit Court; *Lincoln V. Cravens,* Special Judge.

Action by Louis A. Bryan and others against William Moerecke, in which the latter filed cross-complaint against the plaintiffs. From an adverse judgment, the cross-complainant appeals. *Affirmed.*

*Frank B. Pattee,* for appellant.

*John H. Gillett, Otto J. Bruce, W. Vincent Youckey, William H. Matthew,* and *Frank N. Gavit,* for appellees.

MORRIS, J.—The appellant, by cross-complaint, sued appellees in ejectment and to quiet title. Issues were formed, and on proper application, Hon. Lincoln V. Cravens was, on October 3, 1911, appointed special judge to hear the cause, and forthwith qualified and assumed jurisdiction. On October 7, 1911, the parties appeared and the trial of the cause was commenced but not completed, and, as the term of court expired on that day, it was extended for the

completion of the trial (§§1470, 1658 Burns 1914, §1349 R. S. 1881, Acts 1885 p. 114) and, by agreement of the parties, the hearing was adjourned to October 12, 1911, at which time the taking of evidence was resumed. The hearing was continued on the next day, when, by agreement of the parties, it was adjourned to October 30, 1911. On that day the parties appeared and the hearing of evidence was resumed, and continued on October 31, November 1, 2, 3 and 4, when it was completed, and the decision taken under advisement. A special finding of facts had been requested, and the court ordered counsel to prepare findings for submission at such future time as should meet the convenience of all parties, and the court.

On December 4, 1911, all the parties appeared in open court, and by agreement the cause was continued until the next term, which commenced the first Monday in February, 1912. In the meantime, on January 13, 1912, all the parties appeared, pursuant to agreement, and argument of counsel was heard. On February 14, 1912, the parties appeared, and, by agreement, the cause was continued until the next term of court which commenced the fourth Monday in April, 1912. On May 13, 1912, the parties appeared, and by agreement the cause was continued until the next term of court which commenced on the first Monday of September. In the meantime the parties appeared and presented to the special judge their respective drafts of special findings, and arguments were heard thereon, and the special judge then indicated to the parties what the special findings would be, and it was agreed by all parties that the court should draft its findings, with conclusions of law thereon, and submit a copy thereof to each of the parties, and that at a later time, agreeable to the parties and the judge, the same should be filed during the September term. On September 13, 1912, all the parties appeared and the judge filed his special findings with conclusions of law thereon. As shown

by the original order book entry of October 7, 1911, the further hearing of the cause was adjourned to Monday October 9, 1911. From that time, until September 13, 1912, no order book entry was made of any proceeding in the cause, neither did the special judge make any minute thereof. At nine o'clock a.m., on September 13, 1912, and before the special judge filed his findings, appellant in person, and by counsel who had not theretofore represented him in the cause, appeared before the regular judge, Hon. Willis C. McMahan, then occupying the bench, and filed a written motion seeking the appointment of a special judge in this cause. This motion was verified and set out the alleged fact that the special judge, Cravens, had failed to appear on October 9, 1911, to try the cause, and had not subsequently appeared at the November, 1911, the February or April terms, 1912, and because thereof the appointment was vacated. §429 Burns 1914, Acts 1903 p. 343. This motion was subsequently overruled by the regular judge. Later in the day, Cravens, special judge, took the bench, and counsel for appellees immediately moved orally that the court sign and file its findings and conclusions, whereupon, before the filing thereof, appellant tendered and offered to file his written objections to the right and power of Cravens to further act as special judge in the cause and to remand the case to the regular judge for the appointment of another special judge, because as claimed, the appointment of Cravens had been vacated. Appellees objected to the filing of the tendered objections, and, after argument of counsel the court refused to permit the filing thereof. Appellant thereupon orally objected to the special judge filing his findings, on the ground of lack of jurisdiction, but the objection was overruled and the findings and conclusions were filed. Thereupon appellant filed a written motion to set aside the submission of the cause. The motion averred the same facts, in substance, as were set forth in the rejected motion tendered before the filing of the findings. The motion was overruled. Appellees filed a motion for a

*nunc pro tunc* entry of the proceedings in the cause from October 7, 1911, to September 13, 1912. Over appellant's objection, supported by affidavits, the motion was sustained, and a record of the proceedings, as before set out in this opinion, was made, including the correction of the entry of October 7, 1911. Judgment was rendered in favor of appellees. Appellant's motion for a new trial was overruled, and this action is assigned as error here.

It is earnestly contended that the court erred in sustaining the motion of appellees for the *nunc pro tunc* entry. Under the statute then in force, the terms of the circuit court

1. in Lake County commenced on the first Monday of February, fourth Monday of April, first Monday of September and third Monday of November, and lasted five weeks. It is claimed by appellant that where, as here, there was no written minute or memorandum on which to base a *nunc pro tunc* entry, the power of the court in that regard ceased with the close of the term of court. Where the cause is no longer *in fieri*, such rule is recognized. *Wills* v. *Wills* (1911), 176 Ind. 631, 635, 96 N. E. 763, and authorities cited. But counsel for appellees claim that such rule does not obtain previous to the rendition of judgment and while the cause is still *in fieri*; that in the meantime omitted entries may be supplied and erroneous ones corrected by the court, acting on its own knowledge, and we are constrained to hold that this position is well taken. At common law, the judgment roll was a parchment record of the entire proceedings and was filed in the treasury of the court, but it was not made up or even commenced, unless by the entry of what was termed the *incipitur* until after final judgment, and, until the roll was completed, no proceeding in a cause could be said to be a matter of record. 24 Am. and Eng. Ency. Law (2d ed.) 160; *Clark* v. *Depew* (1855), 25 Pa. St. 509, 64 Am. Dec. 717; *Vail* v. *Iglehart* (1873), 69 Ill. 332. In *Boonville Nat. Bank* v. *Blakely* (1906), 166 Ind. 427, 435, 76 N. E. 529, it was held that while a cause is undisposed

of, even though the term has passed, the right of amendment has not been limited by statute but inheres in the court. See also, *Ryon* v. *Thomas* (1885), 104 Ind. 59, 3 N. E. 653; *Wright* v. *Nicholson* (1890), 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865; *Lewis* v. *Ross* (1854), 37 Me. 230, 59 Am. Dec. 49; *Webb* v. *Buckelew* (1880), 82 N. Y. 555.

Counsel for appellant claims that, conceding the power to make the *nunc pro tunc* entry, the evidence fails to sustain the action of the court. Appellees produced 2. no evidence to support their motion. Appellant filed affidavits in opposition thereto. The facts set out in these affidavits, are, in some particulars, in conflict with the finding of the court. Manifestly the court was not bound by the statements in appellant's affidavits. The judge was authorized to act on his own·knowledge and recollection of what occurred during the progress of the trial and uncontradicted evidence of a party given to establish a fact of this character cannot preclude the rightful power of the court to find otherwise by resort to its own knowledge.

Did the special judge lose jurisdiction of the cause by reason of the proceedings as shown by the amended record? Appellant contends among other things, that the 3. court was without power to adjourn the hearing, on October 7, the last day of the term, to October 12 following, and that such authority cannot be conferred by agreement of the parties. Section 1658 Burns 1914, provides that if a trial shall be in progress at the close of a term, "said court may continue its sitting beyond such time." The statute does not, in express terms, require the resumption of the hearing on the next secular day, nor does it expressly forbid adjournments thereafter for certain periods. We are of the opinion that when such question was presented, it was the duty of the special judge to construe the statute and, if it was erroneously construed, there nevertheless remained colorable authority for the court to proceed, and its action would not be entirely void. The record af-

firmatively shows that appellant agreed to each continuance, and, in person and by attorney, was present and participated at each hearing. No objection was ever made to the jurisdiction of the special judge until after appellant had information of the findings and conclusion to be filed, when, confronting an adverse decision, he questioned the jurisdiction of the judge. Uniform decisions of this court support the proposition that irregularities in proceedings are waived by the failure to make timely objections. *Smurr* v. *State* (1886), 105 Ind. 125, 133, 4 N. E. 445, and authorities cited. In that case it was held that "We have many cases declaring that where a party goes to trial without objection before a judge assuming to act under color of authority, he cannot, after judgment or conviction, successfully make the objection that the judge had no authority to try the cause." In *Ohio, etc., R. Co.* v. *Heaton* (1894), 137 Ind. 1, 14, 35 N. E. 687, it was said, when dealing with a similar question: "We think this protest, even if otherwise well made, came too late. Appellant had submitted to the jurisdiction of the court, and gone to trial without objection, took the chances of winning the suit, and after losing, then, for the first time, objected to the jurisdiction of the court, thus saying, in effect: There is jurisdiction if I win, but not if I lose. *Louisville, etc., R. Co.* v. *Power* [1889], 119 Ind. 269 [21 N. E. 751]." Under the facts here disclosed we hold that appellant waived any right to question the jurisdiction of the special judge.

It is earnestly insisted that the court erred in refusing permission to file the written objections to the jurisdiction of the special judge and that such refusal violated §12, Art. 1 of the Indiana Constitution. Conceding that this action was erroneous, the error was harmless, because the objections were not tendered until after the judge had acquainted appellant with the fact of an adverse decision, and because substantially the same objections were received and filed after the findings were signed and filed.

§700 Burns 1914, §658 R. S. 1881. The constitutional provision in question was not violated by such action.

It is also claimed that the regular judge erred in overruling the motion to appoint another special judge. It was appellant's theory that the special judge lost jurisdiction of the cause by his failure to appear on October 9, 1911. In such case, under §429 Burns 1914, supra, the regular judge, after the lapse of five days, lost the power to appoint another special judge. This reason alone warranted the regular judge in overruling the motion.

Appellant's motion for a new trial, among other things, is grounded on the alleged insufficiency, in fact and law, of the evidence, to support the court's decision. A great volume of evidence appears in the record. Considering the direct evidence most favorable to appellees together with all reasonable inferences that the trial court was warranted in drawing therefrom, we cannot say that there was a total lack of evidence to support the court's decision. We find no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 108 N. E. 948. Nunc pro tunc entry of judgments, see 4 Am. St. 828. As to power to render entry nunc pro tunc, see 20 L. R. A. 143. As to waiver of objection to jurisdiction of special or substitute judge, see 19 Ann. Cas. 94. See, also, under (1, 2) 11 Cyc. 764; 29 Cyc. 1516; (3) 11 Cyc. 733; (4) 11 Cyc. 699; 3 Cyc. 386; (5) 23 Cyc. 608; (6) 3 Cyc. 360.