## WABASH RAILWAY COMPANY v. CITY OF GARY.

[No. 23,713. Filed November 18, 1921.]

1. EVIDENCE.—*Judicial Notice.—Municipal Elections.—Statutes.* —The Supreme Court has judicial knowledge of the holding of municipal elections pursuant to §8644 Burns 1914, Acts 1913 p. 933. p. 397.

2. JUDGMENT.—*Vacating Judgment.—Power of Courts.*—In a proceeding to condemn land for the opening of a street across a railroad, where the court had inadvertently entered a finding and judgment, when counsel for the city was not present which did not fully protect the city's interests, the court had full authority to set the judgment aside before the expiration of the term at which it was rendered, either upon motion of appellee, or upon its own motion. p. 397.

3. JUDGMENT.—*Vacating Judgment.—Power of Courts.—Proceedings in Fieri.*—A motion to set aside and vacate a judgment duly presented before the expiration of the term kept the proceedings *in fieri,* so that the motion could be ruled on at a later term with the same effect as if the judgment had been set aside at the same term. p. 398.

4. JUDGMENT.—*Vacating Judgment.—Motion.—Supporting Affidavits.—Proceedings in Fieri.*—A motion asking the court to set aside and vacate a judgment because of facts shown by the record, or within the personal knowledge of the judge, in a cause that is still *in fieri,* is not required to be supported by affidavit, and the court can act upon knowledge of facts which occurred in open court without formal proof. p. 398.

5. EMINENT DOMAIN.—*Judgment Awarding Benefits and Damages.* — *Vacation.* — *Dismissal of Action.* — *Statutes.* — Under §8705 Burns' Supp. 1918, Acts 1915 p. 690, relating to condemnation proceedings, where the damages assessed by the board of public works of a city in a proceeding to condemn land for a highway crossing over a railroad were increased on appeal to the superior court, and a judgment then rendered was afterward vacated on the city's motion, the city may, upon payment of costs, discontinue the proceedings.    p. 398.

6. MOTIONS. — *Demurrers.* — *Motion to Strike Out Motion.* — Neither a demurrer to a motion nor a motion to strike out a motion present any question for decision on appeal.    p. 399.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Condemnation proceedings by the city of Gary against the Wabash Railway Company. From the judgment rendered, the railroad company appeals. *Affirmed.*

*Wildermuth & Force,* for appellant.
*Davis & Starr,* for appellee.

EWBANK, J.—The board of public works of the city of Gary adopted resolutions for opening a street across appellant's railroad tracks and lands, and fixing the benefits at $1 and the damages at $1, and thereafter overruled a remonstrance filed by the appellant, and confirmed the award of benefits and damages. Appellant appealed to the superior court, where a trial was had, without a jury, in June, 1917. The record does not disclose that anything more was done in the matter until March 20, 1918, at the March term of court, when the court announced a finding that the appellant was entitled to damages in the sum of $2,070 and its costs, as against the appellee, and was chargeable with benefits in the sum of *one dollar,* and judgment was entered accordingly. Six days later, at the same term of court, the record recites that the defendant abandoned the condemnation proceedings and paid the costs,

and that "the judgment heretofore entered herein on March 20, 1918, is now vacated." Thirty-nine days thereafter, but still at the same term of court at which the finding was made and the judgment entered, the court ordered "that said order entered in this cause on March 26, 1918 * * * is hereby stricken out, and there is hereby ordered in lieu thereof, as of said date, *nunc pro tunc,* the following order: Comes now the defendant and files motion and petition to discontinue the proceedings herein and vacate the judgment heretofore entered to which the plaintiff objects." The motion and petition referred to are not set out in the transcript, as having been filed on either of these dates, but such a motion is copied into the record, under date of September 15, 1919. On that date, more than a year and a half after the motion to vacate the first judgment was originally filed, a record entry was made reciting that appellant filed a motion to strike out the motion of appellee, and also a demurrer to said motion, and that both its motion and its demurrer were overruled, to each of which rulings appellant excepted. Seven weeks later, also at the September 1919, term of court, the court ordered that said entry of September 15, 1919, be "stricken out, vacated and held for naught," and that the motion to strike out and the demurrer to defendant's motion to discontinue the proceedings were both overruled, to each of which rulings the plaintiff (appellant) excepted, and thereupon the court sustained defendant's (appellee's) motion to vacate the judgment entered on March 20, 1918, and entered a judgment that it be vacated and set aside, and that the condemnation proceeding be discontinued, and the costs taxed against appellee. From this last judgment the appellant perfected a term appeal.

The record discloses that soon after the action was begun, "G. Windholm" appeared as attorney for the ap-

pellee city, and that as such attorney he signed
1. the motion and demurrer which were filed to the
complaint before the cause was submitted for
trial in June, 1917. We have judicial knowledge that a
municipal election was held in the city of Gary the following November (§8644 Burns 1914, Acts 1913 p. 933,
since amended, Acts 1921 p. 404). The motion to vacate the judgment and to discontinue the condemnation
proceeding as set out in the transcript, is signed as attorneys on behalf of the city of Gary by "Davis &
Starr," whose names are signed to appellee's brief in
this court, and by "John N. Fox." The brief for appellee asserts that at the trial the appellee city was
represented by an attorney appointed under a previous
city administration, and that the attorneys who represented appellee in March, 1918, had nothing to do with
the cause until they discovered that judgment had already been entered, and that thereupon they filed the
motion to vacate the judgment only five days after it
was entered and at the same term of court. The appellant has not challenged nor denied any of these statements of counsel for the appellee.

If the trial court had inadvertently entered a finding
and judgment, when counsel for the appellee were not
present, which did not fully protect the appel-
2. lee's interests, it had full authority to set the
judgment aside before the expiration of the term
of court at which it was rendered, either upon motion
of appellee, or on the court's own motion. *Burnside* v.
*Ennis* (1873), 43 Ind. 411; *McClellan* v. *Binkley*
(1881), 78 Ind. 503; *Gingrich* v. *Gingrich* (1896), 146
Ind. 227, 45 N. E. 101; *Vesey* v. *Day* (1910), 175 Ind.
406, 94 N. E. 481; *Moerecke* v. *Bryan* (1915), 183 Ind.
591, 108 N. E. 948; *Livingston* v. *Livingston* (1921),
190 Ind. 223, 130 N. E. 122; *Foote* v. *Foote* (1913),
53 Ind. App. 673, 102 N. E. 393.

And the motion by appellee to set aside and vacate such judgment, duly presented before the expiration of the term, kept the proceedings *in fieri,* so that 3. the motion could be ruled on at a later term, with like effect as if the judgment had been set aside at the same term. *Vesey* v. *Day supra;* 23 Cyc 904.

A motion asking the court to take action because of facts shown by the record, or within the personal knowledge of the judge, in a cause that is still *in fieri,* 4. is not required to be supported by affidavit. *O'Toole* v. *Tudor* (1910), 175 Ind. 227, 93 N. E. 276. The court can act upon knowledge of facts which occurred in open court, without formal proof. *Moerecke* v. *Bryan, supra.*

It was not error to set aside and vacate the judgment awarding damages and benefits.

The judgment being vacated, the cause stood as if it had never been entered, and the appellee had whatever power to abandon and discontinue the condemnation proceeding it possessed before such judgment was rendered.

The statute under which the condemnation proceeding was prosecuted provided that:

"If upon such appeal (to the circuit or Superior court) the benefits or damages assessed or awarded by the board (of public works) be diminished or increased, the city may, upon the payment of costs, discontinue such proceedings * * *." §8705 Burns' Supp. 1921, Acts 1915 p. 689, §2.

Appellant has cited decisions to the effect that after final judgment had been rendered in a proceeding to take property under the power of eminent do- 5. main, and the term at which judgment was rendered had expired without any steps being taken to set the judgment aside, the rights of the parties were fixed, and the proceeding could not be abandoned. But

these cases do not apply where the judgment awarding benefits and damages was duly vacated, upon a motion filed at the same term, and the proceeding was then abandoned and dismissed without the entry of another such judgment. After the judgment of March 20, 1918, had been vacated the court properly permitted the city of Gary to discontinue its condemnation proceeding upon payment of the costs.

No error was committed in overruling appellant's demurrer to appellee's motion to vacate the judgment and discontinue the proceeding, and appellant's motion to strike out that motion.

A demurrer to a motion does not present any question for decision. *Conway* v. *Day* (1881), 79 Ind. 318; *Sidener, Admr.,* v. *Coons, Admr.* (1882), 83 Ind. 183; *Knowlton* v. *Dolan* (1898), 151 Ind. 79, 51 N. E. 97. Neither does a motion to strike out a motion. *White* v. *Morgan & Co.* (1889), 119 Ind. 338, 21 N. E. 968; *Blemel* v. *Shattuck* (1893), 133 Ind. 498, 33 N. E. 277; *Long* v. *Ruch* (1897), 148 Ind. 74, 47 N. E. 156. The demurrer and motion addressed by appellant to appellee's motion might have been disregarded, without error.

The judgment is affirmed.

Myers, J., absent.