STATE OF INDIANA ON RELATION OF BRUBAKER v. PRITCHARD, JUDGE, OF MARION SUPERIOR COURT No. 4.

[No. 29,482. Filed November 26, 1956. Rehearing denied January 16, 1956.]

*Charles D. Babcock, Ted B. Lewis,* of Indianapolis, and *Dennis J. Godfrey,* of Litchfield, Ill., for relator.

*John H. Beasley, Hubert Hickam, Louis A. Highmark, George J. Zazas,* and *Barnes, Hickam, Pantzer & Boyd* (of counsel), of Indianapolis, for respondents.

ARTERBURN, J.—This is an original action in which a writ of prohibition is asked. It involves the power of a court to enforce compliance with a temporary injunction decreed by it. Upon the facts it apparently raises for the first time in this state a question as to the extent of the court's jurisdiction over the person of a party to the action.

The principal cause out of which the issues here grew, is an action for a temporary and permanent injunction brought in the Superior Court of Marion County by two partners, Light and Hodge, against Brubaker, the relator here. Following a hearing in the trial court, a temporary injunction was issued against Brubaker, from which order he has an appeal now pending in this court. Pending this appeal the plaintiffs in the trial court filed a motion charging Brubaker with contempt, by reason of a violation of the temporary injunction, and asking he be required to appear and answer the charges. The relator Brubaker thereupon entered a special appearance to the motion in the trial court, and filed objections thereto in substance claiming the trial court had no jurisdiction over him personally. The relator Brubaker, after the trial court overruled his objections, applied to this court for a writ of prohibition to prevent the trial court from proceeding to act upon the motion charging contempt.

The record also shows that at the time of the commencement of the suit for an injunction in the trial court, personal service was properly obtained upon the relator Brubaker. He employed attorneys and appeared personally in that action and at the hearing on the request for a temporary injunction. Those same attorneys still represent him, not only in the case still pending in the trial court to be

tried on the merits, but also in the pending appeal, and in the special appearance made to the motion charging contempt.

The contention of the relator Brubaker is that he is a non-resident, and "since the entry of the temporary injunction against him [he] has not re-entered the state of Indiana and that no service of order to appear and show cause has been personally served upon him. . . ." It is conceded that upon the commencement of the action in the trial court that proper personal service of process was obtained upon him, and that he appeared generally by his attorneys. It is further undisputed that *the attorney of record representing relator,* was served with notice of the motion and order to show cause in the contempt proceeding. The question then arises, was the notice and knowledge which the relator's attorney had, sufficient without service personally on the relator?

A distinction should be observed between formal service of process to secure jurisdiction over the person of a party in the commencement of an action, and the right to reasonable notice of the motions, pleadings, and steps taken in the proceedings once a case is begun, and after jurisdiction over the parties has been acquired in the first instance. Rule 1-16 of this court provides for reasonable notice to attorneys, and the parties of the filing of such papers, and other steps in the proceedings in a cause once the action is commenced and appearances entered by attorneys for the parties.

We are dealing here with civil contempt, not criminal contempt. Proceedings for civil contempt are filed in the original civil action out of which it grew, and such proceedings may be instituted by the filing of a motion. *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313;

*State ex rel. McMinn* v. *Gentry* (1951), 229 Ind. 615, 100 N. E. 2d 676.

Although we find no cases in this jurisdiction directly in point on the facts presented here, reasoning from some well-settled principles we believe the relator should not prevail. It is well established that once a court acquires jurisdiction over parties, the jurisdiction continues until the final disposition of the litigation including the enforcement of the judgment or decree. Likewise, it may be said, in equity a decree may be so far final as to be appealable, but not final as to the decree on the merits or its enforcement. *State ex rel. Pub. Ser. Comm. et al.* v. *Boone C. C., etc. et al.* (1956), 236 Ind. 202, 138 N. E. 2d 4; *Burnside* v. *Ennis* (1873), 43 Ind. 411; 14 Am. Jur., Courts, §174, p. 373; 30 C. J. S., Equity, §616, p. 1014; 21 C. J. S., Courts, §88, p. 136.

The record shows relator's attorney had actual notice of the pending motion charging contempt, and that he appeared specially to the motion, although he had appeared generally to the main action. In appearing specially relator insisted that there must be a summons issued, and a new service of process upon him personally in order for the court to acquire jurisdiction over him to hear the citation for contempt. We can see no logic, nor reason, in requiring a second service of process upon a defendant in a pending case such as this. When an attorney enters his appearance of record in any litigation, so long as such attorney remains the existing attorney of record, he is the agent of the party, and the party is bound by such attorney's knowledge and notice of the proceedings in that case so long as it is pending.

To deny a court the power to enforce obedience to its lawful orders against parties who have been subjected

properly to its jurisdiction in the first instance, ■ is to nullify its effectiveness as an independent branch of our government. The power of a court to enforce compliance with its orders and decrees duly entered is inherent. No statutory sanction is needed. In both equity and law a court would be powerless to give effective relief were its arms tied by such requirements as relator asserts are necessary. The rule for which relator contends would obviously create a deplorable condition in our courts. It would place decrees, orders, and judgments duly and properly entered at the mercy of defeated litigants, who could wilfully conceal themselves, or go beyond the jurisdiction of the service of process after jurisdiction had been originally acquired. From such places they could flaunt the lawful orders of the courts. 14 Am. Jur., Courts, §174, p. 373, *supra; Denny* v. *State, supra* (1932), 203 Ind. 682, 182 N. E. 313; *Bangs* v. *Northern Indiana Power Co.* (1937), 211 Ind. 628, 6 N. E. 2d 563; *Ellingham* v. *Dye* (1912), 178 Ind. 336, 99 N. E. 1; *State ex rel. Walling* v. *Sullivan* (1944), 245 Wis. 180, 13 N. W. 2d 550, 154 A. L. R. 841; *Boone* v. *Wachovia Bank & Trust Co.* (1947), 82 App. DC 317, 163 F. 2d 809, 173 A. L. R. 1285; *Eureka Lake Company* v. *Yuba County* (1886), 116 U. S. 410, 29 L. Ed. 671, 6 S. Ct. 429.

Many of the cases cited by the relator concern situations where no personal jurisdiction over the party was obtained in the first instance in the main action. ■ With these cases we have no differences. Relator contends also that statutes in Indiana, particularly Acts 1947, ch. 52, §1, p. 153, being §3-914 (Cum. Supp. 1955), and Acts 1947, ch. 52, §3, p. 153, being §3-916 (Cum. Supp. 1955) of Burns' 1946 Replacement, deprive the courts of any jurisdiction over a person in contempt proceedings except by service of an at-

tachment, or citation by the sheriff personally on the party.

It is apparent upon the reading of this Act and its title that the purpose was to provide for such service in counties other than that in which the court was located. The language likewise is only permissive, and not mandatory as to the method of notice. Neither does the act purport to define the full extent of the courts' powers in such matters. The Act states that it is "supplemental to all laws" on the subject. Section 3-916 *supra*, Burns' 1946 Replacement.

We are also compelled to reject the relator's construction of these statutes in the interest of maintaining their constitutionality. Although the legislature may within limits regulate procedural features in some respects, it may not under such guise impair the inherent power of the court in performing its judicial functions, and enforcing its orders and decrees where it has originally and properly acquired jurisdiction of parties. Such powers are essential to an independent judiciary and the efficacy of its orders and decrees. Such powers spring from the Constitution, not from the legislature. If an act admits of two reasonable interpretations, one of which brings it within and the other without the Constitution, that interpretation will be followed which will make it possible to uphold the act. *Smith* v. *Indianapolis St. Ry. Co.* (1902), 158 Ind. 425, 63 N. E. 849; 11 Am. Jur., Constitutional Law, §97, p. 725.

It is our judgment that where the purpose of the contempt proceedings is to enforce a court order against a person who is a party properly brought in to the main action, no new process for personal service is required to enforce such order after notice to the party or his attorney, and an opportunity to be heard has been given.

For the reasons given the temporary writ is dissolved, and the permanent writ is denied.

Achor, C. J., and Emmert, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 138 N. E. 2d 233.