404 P.2d 610

Donald Ray MONTGOMERY, Plaintiff-Appellant,

v.

Olive Delores MONTGOMERY, Defendant-Respondent.

No. 9513.

Supreme Court of Idaho.

July 30, 1965.

Vernon K. Smith, Boise, for appellant.

Cosho & Humphrey, Boise, for respondent.

TAYLOR, Justice.

Donald Ray Montgomery, plaintiff-appellant, and Olive Delores Montgomery, defendant-respondent, were divorced by decree dated May 11, 1956. Plaintiff was awarded custody of their two minor children, a girl and a boy, subject to reasonable visitation rights of the defendant. In April of 1958, the parties entered into a written agreement wherein the plaintiff relinquished custody and control of the children to defendant. Plaintiff was not obligated by this agreement to pay any money for the support and education of said children, nor has he at any time provided money for their support. In 1959 defendant requested plaintiff to assume custody of the boy. The evidence was conflicting as to the reason for this request, plaintiff claiming defendant was having disciplinary problems with the

boy; defendant contending her financial condition necessitated such a change.

Plaintiff kept the boy for about two years at which time defendant regained custody of the boy. Again the evidence is conflicting as to why the defendant took the boy back. Defendant claims she had remarried and was then financially able to care for the boy, and that plaintiff's sister-in-law, in whose home the boy was staying, insisted that she take him back. On the other hand, plaintiff claims that she took the boy without plaintiff's approval while the boy was visiting his cousins. At that time plaintiff consulted his original attorney who advised him to "let the matter ride until it would work itself out."

On October 3, 1963, defendant filed an affidavit praying that the divorce decree be amended to confirm in defendant custody and control of the minor children pursuant to the supplemental agreement of the parties dated April 2, 1958; that the plaintiff be required to pay the sum of $50.00 per month per child for the support and maintenance of said children; and that plaintiff pay defendant's reasonable attorney's fees. In response to an order to show cause plaintiff filed a counter-affidavit and prayed that custody be confirmed in him pursuant to the divorce decree. At the subsequent hearing, October 16, 1963, plaintiff contended that the pleadings did not raise the issue of custody, that no motion had been made for a modification of the decree, and moved the court to dismiss defendant's petition. October 22, 1963, the court rendered a decision in which it stated that the issue of modification of the decree as to custody was raised inferentially by defendant's pleadings, but not in a clear cut manner; that the written agreement of April 2, 1958 did not effect a modification of the decree as to custody; and that in view of plaintiff's objection to a hearing on that issue and his assertion that he was not prepared to meet it, the court would treat defendant's pleadings as a motion to modify the decree with regard to custody, but would give both parties an opportunity to present additional evidence on the issue of custody.

On November 29, 1963, the second hearing was held, at which time plaintiff informed the court that he was standing upon his original position. He contended the court was without authority to frame the issues, and declined to present any additional evidence. Defendant advised the court that she had no additional evidence to present. On December 2, 1963, the court filed its order modifying the divorce decree of May 11, 1956, by awarding custody of the children to defendant and ordered plaintiff to pay $50.00 per month per child for the support and maintenance of the children. On December 2, 1963, plaintiff filed a motion for the making of findings of fact and conclusions of law. On December 3, 1963,

defendant filed a motion to strike plaintiff's proposed findings, and to make findings of fact and conclusions of law, as proposed by her. Plaintiff's motion was denied. Defendant's motion was granted and findings of fact and conclusions of law were made and entered accordingly December 17, 1963.

On January 28, 1964, plaintiff appealed from the order of December 2, 1963.

Upon plaintiff's failure to provide the support money as required by the court's order, defendant petitioned the court for an order requiring plaintiff to show cause why he shouldn't be held in contempt. Defendant was unable to serve plaintiff personally because of plaintiff's absence or avoidance of service. Pursuant to an order of the court service was made on plaintiff's attorney. Plaintiff's attorney moved that the show cause order be quashed on the grounds that plaintiff was not personally served, and that the action was pending on appeal. Plaintiff appealed from the order denying such motion.

After filing the second notice of appeal, plaintiff's attorney made a motion to withdraw as plaintiff's attorney from further proceedings in the district court but without prejudice to his further representation of the plaintiff upon the appeals pending in the supreme court. After hearing, the court denied the motion. No appeal was taken from the order denying this motion.

▆ We do not agree with plaintiff's contention that the issue of custody was not before the court at the hearing of October 16, 1963. Defendant's motion asked support for the children only. However in her supporting affidavit she prayed that the decree be amended to require plaintiff to pay her for support of the children, and

"1. That the defendant be confirmed and ratified in her custody and control of the minor children of the parties, according to the supplemental agreement of the parties dated April 2, 1958; * * *."

Although the motion was the proper pleading by which to request modification as to custody, the issue was thus imperfectly presented. Plaintiff in his counter-affidavit asserted that the agreement between the parties of April 2, 1958, did not effect a modification of the decree; that custody was still in him and prayed that it be confirmed by the court. He also detailed his present circumstances and other facts in support of his claim to custody. Thus plaintiff recognized that the issue was pending. The action of the court in continuing the hearing to October 29, 1963, to give plaintiff time to meet the issue, avoided any question of surprise; and also clarified the issues within the requirements of IRCP 7(b) (1).

▆ Plaintiff also contends that defendant produced no evidence to show a material change in circumstances or condi-

tions, to support a modification of the custody provisions of the decree. The evidence supports the court's findings, that the parties by a written agreement transferred the actual custody from plaintiff to defendant; that defendant had such custody and had properly cared for the children, during the past six years, except as to the boy when he was with plaintiff for two years (1959–1961); that plaintiff had contributed nothing for the support of the children while they were in defendant's custody; and that defendant had remarried and was a fit and proper person to have custody of the children. The showing was sufficient.

■■ Plaintiff assigns as error the making and entering of the order modifying the decree without, or prior to, making findings and conclusions. In Clark v. Clark, 89 Idaho 91, 403 P.2d 570, filed June 21, 1965, we held that findings and conclusions were required in a proceeding such as this. IRCP 52(a); I.C. § R 10–302. The intendment of the rule is that findings and conclusions shall be made prior to, or contemporaneously with, the judgment. There has been some confusion as to whether the rule requires findings and conclusions precedent to decisions on certain motions. Such questions are currently being resolved by this court. In this case no prejudice is shown, and the findings and conclusions, though filed late, were properly filed. 5 Moore's Federal Practice § 52.06(4) p.

2666; Gibbs v. Buck (1939), 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111.

■ Plaintiff further contends the court erred in permitting defendant to examine plaintiff beyond the scope permitted by IRCP 43(b). We recently held that such examination of the opposing party, under the rule, was limited to facts peculiarly within the knowledge of the witness, and not otherwise readily available to the examining party. Shrives v. Talbot, 88 Idaho 209, 398 P.2d 448 (1965). The only examination of plaintiff permitted by the court which was outside the permitted scope was as to whether plaintiff had ever paid support money for the children. This examination was not prejudicial in this case. Willes v. Palmer, 78 Idaho 104, 298 P.2d 972 (1956).

■ Plaintiff's contention that the trial court was divested of jurisdiction to enforce the order for payment of support money, by the appeal taken from that order, is not sustained. The provision for support of the children was an order directing the payment of money and was not stayed by the appeal because no supersedeas bond was posted as required by I.C. § 13–204. The order for payment of child support must be regarded as severable from the order fixing custody, and not stayed by the provisions of I.C. § 13–208 or § 13–211, for the obvious reason that the children required support

pending the appeal. In such a case if the father desires to avoid the duty to furnish support he must file the required undertaking.

 We do not agree with the contention of plaintiff's counsel that his service as plaintiff's attorney in the district court was terminated upon the entry of the order of December 2, 1963. He was employed as plaintiff's attorney on the appeals taken and under the circumstances could not divest the district court of jurisdiction over his client in subsequent proceedings in that court by withdrawing as plaintiff's attorney. State ex rel. Brubaker v. Pritchard, 236 Ind. 222, 138 N.E.2d 233, 60 A.L.R.2d 1239 (Ind., 1956). It was within the discretion of the trial court to permit or deny the motion of plaintiff's counsel to withdraw.

Plaintiff assigns as error the ruling of the court that service in the contempt proceeding be made upon his attorney. Plaintiff relies on I.C. § R 12–506 which provides in effect that process for bringing a party into contempt may not be served upon his attorney. The trial court held that I.C. § R 12–506 was superseded by IRCP 5(b) which in pertinent part provides:

> "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court."

So far as here concerned rule 5(b) is the same as the federal rule from which it was taken. Prior to adoption of the federal rules the Supreme Court of the United States rejected a proposal to forbid service of process on counsel in contempt proceedings. Thus rule 5(b) is in conflict with I.C. § R 12–506, and under IRCP 86 section R 12–506 is no longer in force or effect.

The judgment and order appealed from are affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, SMITH and KNUDSON, JJ., concur.