Patricia HOLLINGSWORTH, Administratrix of the Estate of Robert E. Hollingsworth, deceased, Defendant-Appellant,

v.

Virginia TAYLOR, Administratrix of the Estate of Robert Edward Taylor, deceased, Plaintiff-Appellee.

No. 1–1081A295.

Court of Appeals of Indiana, First District.

Dec. 21, 1982.

Rehearing Denied Jan. 31, 1983.

Neil R. Comer, Comer & Schuerman, Osgood, for defendant-appellant.

William R. Pfister, Bielby & Pfister, Lawrenceburg, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

This is an interlocutory appeal of an order of the Ripley Circuit Court denying a motion for summary judgment made by the defendant-appellant, Patricia Hollingsworth, administratrix of the estate of Robert E. Hollingsworth, deceased. The plaintiff-appellee, Virginia Taylor, is the administratrix of the estate of Robert Edward Taylor, deceased. The trial court found that she could bring this action for wrongful death on behalf of an illegitimate child of Robert Taylor.

We affirm.

## STATEMENT OF THE FACTS

The facts most favorable to the nonmoving party are as follows: G.P. cohabited with Robert Taylor for some time before she became pregnant. The couple continued living together until Taylor's death, and

neither of them was married during this time. On May 31, 1977, G.P. gave birth to a boy, R.D.T. Taylor acknowledged the child as his own and provided the information on the child's birth certificate which named Taylor as the father. Taylor provided for the child's support and claimed the child as a dependent on his Federal Income Tax Return for 1977. Taylor held the child out as his son until his (Taylor's) death. No action was ever filed to establish the child's paternity.

On June 5, 1978, Taylor was involved in an automobile collision with Robert E. Hollingsworth, and both men died as a result. Taylor's administratrix filed this action for wrongful death against Hollingsworth's estate. The complaint stated that Taylor was survived by a dependent son, R.D.T. When discovery revealed that the child was illegitimate and that paternity had not been established, Hollingsworth's administratrix moved for summary judgment, asking the court to exclude any damages which would inure to the child's benefit.

In its order denying summary judgment, the court found that the issue involved a substantial question of law and that the early determination of the question by this court would promote a more orderly disposition of the case. We accepted jurisdiction of the appeal under Ind. Rules of Procedure, Appellate Rule 4(B)(6).

### ISSUE

The sole issue presented is whether the child can be included within the class of "dependent children" under our wrongful death statute, Ind.Code 34–1–1–2.

### DISCUSSION AND DECISION

In reviewing the denial of summary judgment, this court will view the facts in the light most favorable to the nonmoving party. We will reverse if there is no genuine issue of material fact and the law has been applied incorrectly. See Ind. Rules of Procedure, Trial Rule 56(C); See generally, Conn v. Paul Harris Stores, Inc., (1982) Ind. App., 439 N.E.2d 195. This appeal is concerned only with an issue of statutory construction.

This court resolved a similar issue in the recent case of *S.M.V. v. Littlepage,* (1982) Ind.App., 443 N.E.2d 103. In *Littlepage* a posthumous illegitimate child sought recovery for the wrongful death of his putative father. There had been no written acknowledgment, no evidence of support, no paternity proceeding, and no marriage between the mother and putative father. The child could recover only if he could be classified as a dependent child under the statute. We concluded:

"Any statutory scheme which completely excluded illegitimate children from participating in recoveries for the wrongful death of their putative fathers would be, under the authorities discussed above, clearly unconstitutional as violative of the equal protection clause of the Fourteenth Amendment. [See *Mills v. Habluetzel,* (1982) 456 U.S. 91, 102 S.Ct. 1549 [71 L.Ed.2d 770]; *Parham v. Hughes,* (1979) 441 U.S. 347 [99 S.Ct. 1742, 60 L.Ed.2d 269]; *Lalli v. Lalli,* (1978) 439 U.S. 259 [99 S.Ct. 518, 58 L.Ed.2d 503]; *Trimble v. Gordon,* (1977) 430 U.S. 762 [97 S.Ct. 1459, 52 L.Ed.2d 31]; *Jimenez v. Weinberger,* (1974) 417 U.S. 628 [94 S.Ct. 2496, 41 L.Ed.2d 363]; *Gomez v. Perez,* (1973) 409 U.S. 535 [93 S.Ct. 872, 35 L.Ed.2d 56]; *Weber v. Aetna Casualty & Surety Co.,* (1972) 406 U.S. 164 [92 S.Ct. 1400, 31 L.Ed.2d 768]; *Levy v. Louisiana,* (1968) 391 U.S. 68 [88 S.Ct. 1509, 20 L.Ed.2d 436]. It is a well established rule that if an act admits of two reasonable interpretations, one that brings it within and the other without the constitution, that interpretation will be followed that will make it possible to uphold the Act. *State ex rel. Brubaker v. Pritchard,* (1956) 236 Ind. 222, 138 N.E.2d 233; *Evansville-Vanderburgh Levee Authority District v. Kamp,* (1960) 240 Ind. 659, 168 N.E.2d 208. It is, therefore, our opinion that a construction which permits an illegitimate child to participate in a wrongful death recovery is indicated.

The statutory scheme by which an illegitimate child may participate is con-

tained in the intestate succession statutes, Ind.Code 29–1–2–7(a), and the paternity statutes, Ind.Code 31–4–1–1 *et seq.* Those statutes create Indiana policy and define the rights of illegitimate children in relation to their putative fathers. Each permits the enforcement of the rights of the child against the putative father's estate for the purpose of providing support and care to the illegitimate child, the same purpose served by the wrongful death act. In addition to creating a right, those statutes create higher evidentiary requirements for recovery than those imposed on legitimate children enforcing the right to support. These requirements reflect a legislative policy that recognizes the difficulty of proving paternity and attempts to prevent spurious claims against the estate of the deceased. Ind.Code 34–1–1–2 incorporates in part the intestate succession statute by requiring the proceeds of a wrongful death recovery 'to be distributed in the same manner as personal property of the deceased.' The intestate succession statute in turn refers to the paternity statute by requiring either the establishment of paternity during the lifetime of the father, or marriage of the parents plus acknowledgment by the father.

We, therefore, are of the opinion that the reasonable and proper interpretation of the legislative scheme involved here is that the term 'dependent children' as used in the wrongful death act includes any illegitimate child who has the right to maintain a claim for inheritance against his father's estate under the laws of intestate succession, or to enforce pa-

rental obligations under the paternity statute."

*Id.*, at pp. 109–110.

The child in *Littlepage* met neither set of statutory requirements, and recovery was denied. However, the facts of this case distinguish it from *Littlepage.* It is undisputed that until his death Taylor supported the child, and there is evidence that Taylor acknowledged the child in writing. Ind. Code 31–4–1–7 (Acts 1941; Repealed by Acts 1978, P.L. 136, SEC. 57, effective October 1, 1979)[1] provided in part:

"The obligation of the father, where his paternity has been established during his lifetime by judgment of a court of competent jurisdiction, or where his paternity has been acknowledged by him in writing, or by the part performance of his obligations, is enforceable against his estate in such an amount as the court may determine. . . ."

We, therefore, hold that the child is a "dependent child" within the meaning of the wrongful death statute. For the reasons given above the decision of the trial court is affirmed.

Affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.

1. For current law *see* Ind.Code 31–6–6.1–1 *et    seq.*