Garry G. REYNOLDS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1182S410.

Supreme Court of Indiana.

May 21, 1984.

Calvin K. Hubbell, Valparaiso, for appellant; W. Jonathan Forker, Valparaiso, of counsel.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This case is before us upon Defendant's (Appellant's) Petition for Rehearing, his appeal having resulted in an affirmance of the judgment of the trial court by decision and opinion published at 460 N.E.2d 506.

■ Defendant's first assignment of error was the trial court's having communicated with a member of the jury during deliberations and in the absence of Defendant or his counsel. Upon that issue, we held that there had been no error preserved for appeal. Unfortunately, we stated in our opinion that "the attorneys and the Defendant" were informed of the improper communications prior to the time the verdict was announced and made no indication of dissatisfaction with the action of the trial judge. In reality, the Defendant had not been informed of the improper occur-

rence, although his attorney had been so informed. Defendant now asserts that our opinion that error had not been preserved was predicated upon the erroneous belief that he had been aware of the communication personally prior to the time the verdict was announced. However, such is not the case, our decision having been dictated by virtue of his counsel's knowledge and inaction.

■ Courts have consistently held that notice or information given to an attorney constitutes notice to his client. *See Link v. Wabash R. Co.,* (1962) 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734; *Logal v. Cruse,* (1977) 267 Ind. 83, 368 N.E.2d 235, *cert. denied* 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539; *State ex rel. Brubaker v. Pritchard,* (1956) 236 Ind. 222, 138 N.E.2d 233; *Lovko v. Lovko,* (1978) 179 Ind.App. 1, 384 N.E.2d 166.

■ Defendant further argues that our mistaken belief that he had been personally present when counsel was informed of the Judge's communications with the jury also controlled our decision that the error was not reviewable, as "fundamental error," notwithstanding that no objection had been made until after the verdict had been announced, but he is in error. Notwithstanding the different circumstances present in *Decker v. State,* (1979) 179 Ind.App. 472, 386 N.E.2d 192, where Decker had been present, the error assigned does not rise to the level of *"fundamental error,"* as defined in our initial opinion and the cases there cited.

■ Defendant also argues that in determining that the trial court did not err in refusing to give his tendered instruction No. 8, which would have advised the jury that the crime of "assisting a criminal" was an offense of which it could find him guilty, we failed to consider his argument that the court did, in fact, give his tendered instruction No. 9 which defined the crime of "assisting a criminal." Defendant cited no authority and made no cogent argument supportive of the proposition that the giving of instruction No. 9 mandated the giv-

ing of instruction No. 8. As we see it, the court erred in giving No. 9, but it was not withdrawn following the court's refusal to give No. 8, and, in any event, we perceive no harm arising therefrom. We are aware of no proposition of law that the giving of one instruction not warranted by the charge or the evidence warrants or necessitates the giving of an erroneous instruction to compound the error.

The Petition for Rehearing is denied.

GIVAN, C.J., and HUNTER, DEBRULER and PIVARNIK, JJ., concur.