**1226**

William J. FOSTER, Appellant
(Defendant Below),

v.

Linda Dolores FILLEY, Special Adminis-
tratrix of the Estate of Charles Forrest
Filley IV, Deceased, Appellee (Plaintiff
Below).

No. 50A03–8802–CV–67.

Court of Appeals of Indiana,
Third District.

Dec. 29, 1988.

John R. Obenchain, South Bend, for ap-
pellant.

Paul E. Becher, Barnes & Thornburg,
Elkhart, for appellee.

HOFFMAN, Judge.

William J. Foster appeals from a summa-
ry judgment granted in favor of Linda Do-
lores Filley, special administratrix of the
estate of Charles Forrest Filley IV, in
which the court determined that Charles
Forrest Filley V was a dependent child of
Charles Forrest Filley IV within the mean-
ing of the wrongful death statute.

The facts relevant to this appeal disclose
that in June 1985 Linda discovered that she
was pregnant. Linda had been dating
Charles IV steadily and had not had sexual
relations with anyone else. When she in-
formed Charles IV, they determined that
they would marry and they announced
their engagement. Charles IV told his
mother, brother, grandmother and others
that Linda was pregnant with his child.
Linda and Charles IV reserved a church for
their wedding and wedding rehearsal.
They ordered flowers, tuxes, dresses and
sent invitations for the wedding. The wed-
ding was to be held on August 3, 1985. On
July 27, 1985 Charles IV was killed when
the automobile in which he was a passen-
ger collided with a car driven by Foster.

In December 1985 paternity of Linda's
unborn child was established in the Elkhart
Superior Court. Charles IV's mother
signed a consent decree to establish
Charles IV as the father. The consent
decree was accompanied by affidavits
wherein family members stated that
Charles IV had acknowledged the child as
his.

On January 28, 1986 Linda gave birth to
a son, Charles Forrest Filley V. Shortly
thereafter Linda changed her name to Fil-
ley.

In March 1987 the United States Depart-
ment of Health and Human Services deter-
mined that Charles V was entitled to social
security insurance benefits resulting from
his father's death. Health and Human Ser-
vices found that Charles V was a "child" of
the wage earner within the meaning of the
Social Security Act.

In April 1987 the parties in this action
filed cross-motions for summary judgment.
The trial court granted Linda's motion as
to the paternity of Charles V.

Foster appeals and raises one issue:
whether the trial court erred in determin-
ing that Charles V was a dependent child

of Charles IV within the purview of the wrongful death statute.

The wrongful death statute allows a dependent child to recover damages for a death caused by the wrongful act or omission of another. IND.CODE § 34-1-1-2 (1985 Supp.) This Court in *S.M.V. v. Littlepage* (1982), Ind.App., 443 N.E.2d 103, considered the circumstances under which a posthumous illegitimate child could claim a right to participate in the proceeds of a wrongful death action. The Court in *S.M.V.* determined that the rigors of establishing paternity through the paternity statutes, IND.CODE § 31-4-1-1 (repealed and reenacted as 31-6-6.1-1 *et seq.*) and establishing a right to an inheritance through the intestate succession statutes, IND.CODE § 29-1-2-7(a) (1982) (since amended), provided sufficient assurance to prevent spurious claims against the estate of a deceased in a wrongful death action. *S.M.V., supra*, 443 N.E.2d at 109, (in a concurring opinion by now Chief Judge Ratliff it was noted that advances in biological testing techniques could significantly alter present methods of establishing paternity, thus rendering strict adherence to the present scheme too restrictive). Recovery was denied in *S.M.V.* because paternity could not be established through either the paternity statutes or intestate succession statutes.

In *Hollingsworth v. Taylor* (1982), Ind. App., 442 N.E.2d 1150, this Court determined that where until his death the decedent supported an illegitimate child and acknowledged the child in writing, the child was a "dependent child" within the meaning of the wrongful death statute. In reaching its decision the *Hollingsworth* court relied upon a portion of the paternity statutes which stated:

> "The obligation of the father, where his paternity has been established during his lifetime by judgment of a court of competent jurisdiction, or where his paternity has been acknowledged by him in writing, or by the part performance of his obligations, is enforceable against his estate in such an amount as the court may determine...." *Hollingsworth, supra*, 442 N.E.2d at 1152.

Here, paternity was established under the paternity statutes and there was evidence of past performance of decedent's obligations. The evidence indicates that Charles IV orally acknowledged Charles V as his child, Charles IV gave Linda approximately $600.00 toward support and care for his unborn child, and Charles IV had completed all arrangements to marry Linda. Under the *S.M.V.* analysis the court order establishing paternity for Charles V sufficiently established "dependent child" status for Charles V. Consequently, Foster's arguments that only the laws of intestate succession should be consulted in the present cause are specifically rejected.

There being no finding of error, the trial court's judgment is affirmed.

AFFIRMED.

GARRARD, P.J., and STATON, J., concur.