**Dennis SHARKEY, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR DUBUQUE COUNTY, Defendant.**

**No. 89–1707.**

Supreme Court of Iowa.

Oct. 17, 1990.

Rehearing Denied Nov. 26, 1990.

Dennis J. Naughton of Naughton, Stenlund & Reilly, Dubuque, for plaintiff.

Thomas J. Miller, Atty. Gen., Bruce C. Kempkes, Asst. Atty. Gen., and Fred H. McCaw, County Atty., for defendant.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

CARTER, Justice.

Plaintiff, Dennis Sharkey, has brought this original certiorari action to challenge a jail sentence imposed in a contempt proceeding for violation of an injunction. Upon considering the arguments of the parties, we annul the writ.

In September 1988, the district court enjoined Sharkey from storing vehicles or junk on his land and further enjoined him to abate the nuisance which existed as a result of that activity. On April 24, 1989, the court entered an order finding Sharkey in contempt of court for willfully failing to comply with the September 1988 order. The court further ordered as follows at that time:

> The defendant is sentenced to thirty days in the Dubuque County Jail which sentence is suspended provided that the defendant complies with the Order of the Court by the dates set out on Mr. Buss' letter. [An exhibit in evidence establishes this date to be September 1, 1989.]

Soon after the September 1, 1989, date had passed, Dubuque County filed an application seeking to have Sharkey's suspended sentence revoked and a jail sentence imposed based on the allegation that he had failed to abate the nuisance by the September 1, 1989, deadline. The court scheduled a hearing on that application for October 9, 1989. The clerk's file indicates that a copy of the order scheduling this hearing was mailed to the attorney who had represented Sharkey in the nuisance action and the prior contempt hearing. There is no indication that Sharkey was personally notified of the October 9, 1989, hearing.

Sharkey did not appear at the October 9, 1989, hearing, although his counsel appeared and advised the court as follows:

MR. HENKELS: I told Mr. Sharkey that I would request a continuance· of this matter thinking that the first one [another hearing scheduled for the same date] would take longer than the time that was allotted. I talked to the County Attorney and the County Attorney indicated that he would resist that. I believe that was on Thursday of last week. I have not had a chance to find Mr. Sharkey since then.... He may have been under the belief that the continuance was requested and granted, and for that reason we'll ask the Court to consider continuing this matter because Mr. Sharkey is not here today....

THE COURT: You didn't tell him that for sure he would not need to be here because you were going to ask for a continuance?

MR. HENKELS: I advised him, Your Honor, that I was filing for a continuance, and at that point don't recall if I said I thought we would get it.

At this point, the county offered the testimony of a county zoning official indicating that the nuisance which existed on Sharkey's property had not been abated by the September 1, 1989, deadline. This testimony was accompanied by a videotape demonstration which showed the site where the junked vehicles continued to be stored. Following this testimony, the county rested, and Sharkey's counsel called Sharkey's daughter as a witness. She testified as to problems which existed in cleaning up the property.

The court then stated:

Thank you. And we will make a further order here. You [Sharkey's counsel] are going to have until Wednesday morning, you believe that by that time you will be able to contact your client and have him available at the office of the sheriff?

MR. HENKELS: Yes Your Honor. For record purposes I would like to indicate that I urged the court to consider an additional seven-day period to allow Mr. Sharkey and his daughter, Julie, who has indicated that she felt she could get everything moved by that time....

The next record entry in the case reads as follows:

On the 9th day of October, 1989, the Defendant in this cause failed to appear....

On the 9th day of this month, October, this Court was advised and believed that Defendant, Dennis Sharkey, would surrender himself to the office of the Sheriff of Dubuque County, Iowa, to commence serving his thirty-day sentence for contempt. At approximately 4 o'clock, p.m., on this 11th day of October, 1989, the Court is advised and finds that the Defendant has failed to appear and there is no information before this Court which shows that the Defendant at any future specified time will appear voluntarily to serve his sentence.

Thereupon the court issued a warrant for defendant's arrest to serve a thirty-day sentence in the county jail.

Sharkey filed this original certiorari action challenging the district court's authority to imprison him. He makes four contentions in seeking relief: (1) that, prior to imprisoning him, it was necessary to again personally serve him with a notice equivalent to a rule to show cause as required by Iowa Code section 665.7 (1989); (2) that personal service of notice of the October 9, 1989, hearing was required by due process; (3) that there never was any finding made of grounds to revoke his suspended sentence and no order was entered with respect to revocation; and (4) that the county offered no evidence at the October 9, 1989, hearing that Sharkey had failed to abate the nuisance within the prescribed time. We consider these claims separately.

## I. *Sufficiency of Notice.*

■ Sharkey argues that prior to imprisoning him following the suspended sentence imposed on April 24, 1989, the court was again required to personally serve him with the equivalent of a rule to show cause. He bases this contention on the following statutory language:

323

Before punishing for contempt, unless the offender is already in the presence of the court, the offender must be served personally with a rule to show cause against the punishment, and a reasonable time given the offender therefor....

Iowa Code § 665.7 (1989). Seizing on the language "[b]efore punishing for contempt," the defendant argues that the equivalent of a rule to show cause is necessary in order to revoke a prior suspended sentence for a past willful contempt.

Sharkey buttresses his claim by reference to the statement in *Lutz v. Darbyshire*, 297 N.W.2d 349, 354 (Iowa 1980), that "we have never held *counsel's* conduct alone could waive personal service of the rule to show cause." We believe that Sharkey's reliance on section 665.7 and our *Lutz* holding is misplaced. Section 665.7 has reference to the initiation of a contempt proceeding. Similarly, we believe the reference in our *Lutz* opinion with respect to the inability of counsel to waive personal service is limited to service of a rule to show cause at the inception of the contempt proceeding. The record reflects that the present contempt proceeding against Sharkey was properly initiated through personal service of a rule to show cause in April 1989.

Nor do we believe the procedure employed was a violation of due process. In treating due process considerations, a distinction must be made between notice required to secure jurisdiction over the person of a party at the commencement of a legal proceeding and notice of steps within the proceeding after jurisdiction has been acquired by the court. *See State ex rel. Brubaker v. Pritchard*, 236 Ind. 222, 225, 138 N.E.2d 233, 235 (1956); 20 Am.Jur.2d *Courts* § 143, at 491 (1965); Annotation, *Sufficiency of Notice to, or Service Upon, Contemnor's Attorney in Civil Contempt Proceedings*, 60 A.L.R.2d 1244 (1958). In acting on the county's application to revoke Sharkey's suspended sentence no particular form of notice was required. It was only necessary that the court give Sharkey reasonable notice and opportunity to be heard. *See State ex rel. Brubaker*, 236 Ind. at 228, 138 N.E.2d at 236.

We agree with Sharkey's contention that without some showing of express authorization his counsel did not stand as a process agent for service of notices concerning the revocation of the suspended sentence previously granted to him. *See United States v. Merchant*, 760 F.2d 963, 968 (9th Cir.1985). In the present case, however, we need not turn our decision on the lawyer's authority to receive notice on Sharkey's behalf. There is an adequate factual foundation in the record to support the court's finding that Sharkey's counsel was authorized to appear and act for him at the October 9, 1989, hearing. When counsel did appear, he did not challenge the legal sufficiency of the notice which Sharkey received. Consequently, any challenge to the sufficiency of the notice was waived.

The court was further justified in finding, based on the statements made by Sharkey's counsel, that Sharkey had actual notice of the hearing and, in failing to appear, had elected to gamble on the possibility that a continuance would be granted. Under these circumstances, neither statutory requirements nor due process considerations precluded the court from proceeding with the hearing in Sharkey's absence.

## II. *Alleged Absence of Findings on Revocation of Suspended Sentence and Absence of Order of Revocation.*

We next consider Sharkey's claim that the district court never made a finding concerning grounds, if any, to revoke his suspended sentence and never issued an order revoking that sentence. Although there is nothing in the record showing a formal revocation of the suspended sentence at the time the court inquired of counsel whether Sharkey could surrender himself to the sheriff within three days' time, we believe the order issued for Sharkey's arrest on October 11, 1989, cured that deficiency. In addition, it is fairly to be inferred from the action taken that the district court found grounds for revoking the suspended sentence.

III. *Failure of the County to Offer Evidence of Grounds for Revoking Suspended Sentence.*

As a final matter, we consider the claim that in revoking Sharkey's suspended sentence the court acted on unsworn allegations not supported by any offer of evidence. Upon reviewing the record, we find no merit in this suggestion. The testimony of the county zoning official together with the accompanying videotape display was adequate proof of the charge that Sharkey continued to violate the court's orders.

For the reasons which we have outlined, we annul the writ of certiorari.

WRIT ANNULLED.