**In the Matter of the ESTATE OF Mark ASH, Appellant–Petitioner,**

v.

**Christina ASH, Appellee–Respondent.**

No. 46A03–9509–CV–305.

Court of Appeals of Indiana.

Feb. 12, 1996.

Transfer Denied June 4, 1996.

---

3.  See Facts and Procedural History section *supra* for a description of both of Rickey's statements.

Mark A. Lienhoop and Gene M. Jones, Newby, Lewis, Kaminski & Jones, LaPorte, for appellant.

Michael P. Burns, LaPorte, for appellee.

## OPINION

HOFFMAN, Judge.

The Estate of Mark Ash, by the personal representative, appeals the decision of the trial court determining that Christina Ash is a dependent child entitled to share in the proceeds of a wrongful death settlement. The facts relevant to review are recited below.

The decedent, Mark Ash, married Edna Ellis in November 1978. Christina Ash was born in October 1979 to Mark and Edna in El Paso County, Texas. Mark and Edna were divorced in November 1981 in El Paso, Texas. Mark was ordered to pay $100.00 per month in child support for Christina commencing December 1, 1981. Despite repeated efforts by Edna to collect support by means of the Uniform Reciprocal Support Act in Pennsylvania, Oregon and Indiana, Mark never paid support.

In September 1989, Mark married Connie Hardison. Connie adopted Mark's daughter, Kathryn, born in August 1983. Connie and Mark had a daughter, Jessica, born in November 1989.

Mark was killed in an accident in August 1993. Mark died intestate. Connie was appointed personal representative of Mark's estate to collect damages for Mark's wrongful death. In October 1994, a court order was entered authorizing settlement of the claim for $375,000.00.

Connie petitioned the court for instructions as to whether Christina was a dependent child entitled to share in the proceeds of the wrongful death settlement. A guardian ad litem was appointed for Christina. The court determined that Christina, as a dependent child, should share in the proceeds. This appeal ensued.

■ As restated, one issue is presented: whether the trial court erred in determining that although Mark had never paid support, Christina is a dependent child for purposes of the wrongful death settlement.

In relevant part, the wrongful death statute provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission.... That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased...."

IND.CODE § 34–1–1–2 (1988 Ed.).

The estate, through Connie, complains that Christina is not and has not been truly dependent upon Mark since the dissolution of his marriage to Edna, because he never paid child support. Thus, according to Connie,

Christina is not a "dependent child" within the meaning of the wrongful death statute.

Connie directs this Court to decisions regarding the interpretation of dependent children based upon establishing paternity. *See e.g., Foster v. Filley,* 531 N.E.2d 1226 (Ind.Ct.App.1988); *S.M.V. v. Littlepage,* 443 N.E.2d 103 (Ind.Ct.App.1982). Here, there is no question of paternity. Also, ironically, a child not born at the time of the decedent's death so never supported during his life by the decedent was a "dependent child" under the wrongful death statute in *Foster,* 531 N.E.2d 1226, 1227.

Whether Mark actually paid child support is not determinative of Christina's status as a dependent child under the wrongful death statute. Although it is apparent that Mark successfully avoided his obligations to Christina during his life despite Edna's efforts in three states, such recalcitrance did not sever Christina's status as a dependent child.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD and BAKER, JJ., concur.